# WILLIAM E. DONLON v. ERNESTINE M. DONLON.
## —418 S.W.(2d) 448.

Middle Section.  February 24, 1967.

Certiorari Denied by Supreme Court July 3, 1967.

Earl A. McNabb, Nashville, for plaintiff in error.

Joseph L. Lackey, Jr., Nashville, for defendant in error.

## I

## THE CASE

SHRIVER, P. J. This appeal involves a decree of Judge Benson Trimble of the Fourth Circuit Court of Davidson County, Tennessee, wherein a Court sale of certain stock in D and T Land Company, Inc., belonging to Mrs. Ernestine Donlon was set aside and a resale ordered.

The stock was advertised and sold on March 11, 1966 to one C. H. Wiles pursuant to a decree of sale and, thereafter, on March 17, 1966, the Court approved the sale. On April 13, 1966, a petition to rehear was filed by Mrs. Donlon and after a hearing thereon the Court set aside the previous order confirming the sale and ordered a resale and it is from this decree that the purchaser, Mr. Wiles, has appealed.

## II

## A RESUME OF THE FACTS AND PROCEEDINGS

In November 1964 a divorce suit was filed against the defendant, William Donlon by complainant Ernestine M. Donlon and following extensive proceedings in this case Mrs. Donlon was granted a divorce but custody of the minor children of the parties was awarded to Mr. Donlon. The decree reserved the question of Attorneys fees for Mrs. Donlon's attorneys.

Thereafter, on Motion of Mrs. Donlon's attorneys to set a fee for them, the Court entered a Memorandum on June 30, 1965, wherein, among other things, it was stated as follows:

"The resulting order will therefore direct that the movant (Mrs. Donlon) will be obligated to pay $7,500.00 and the respondent (Mr. Donlon) herein will be ordered to pay $7,500.00 as solicitors fees in this case."

This was followed by a decree containing the following:

"It is therefore ORDERED and decreed by the Court that complainant, William E. Donlon, shall pay the sum of $7,500.00 to defendant's solicitors, Maclin P. Davis, Jr. and Kenneth L. Roberts."

It is pointed out that nothing in the order of the Court required Mrs. Donlon to pay $7,500.00 to her solicitor. The memorandum stated that she would be obligated for such amount.

On August 2, 1965, a decree was entered reciting that the cause came on to be heard upon the defendant's motion to fix the fee for her solicitors, testimony of witnesses in open Court, argument of counsel and the entire record, from all of which it appeared to the Court that $18,000.00 was a reasonable amount for the total fee of defendant's solicitors in the cause; that there is a balance owing of $15,000.00 on said fee and that the complainant should not be required to pay the expenses incurred by the defendant's solicitor, and it proceeds as follows:

"It is therefore ORDERED and DECREED by the Court that complainant, William E. Donlon, shall pay the sum of $7,500.00 to defendant's solicitors, Maclin P. Davis, Jr. and Kenneth L. Roberts. Execution may issue for said sum if not paid within thirty days. Complainant respectfully excepts to the action of the Court in ordering him to paid said portion of defendants'

solicitors' fee. Defendant respectfully excepts to the action of the Court in failing to order complainant to pay all of said fee."

Mrs. Donlon appealed to this Court from the decree awarding custody of the children to her husband and the judgment of the Trial Court was affirmed but there was no appeal from the decree of August 2, 1965 regarding the fees.

Thereafter, on January 7, 1966, a petition was filed entitled, "Petition of Maclin P. Davis, Jr., et al" under the style of William E. Donlon vs. Ernestine M. Donlon, No. 44969, but adding K. T. McConnico, Jr., Receiver, and D and T Land Company, as defendants or respondents.

The petition states that defendant Ernestine M. Donlon is justly indebted to the petitioners in the sum of $7,-500.00 for legal services rendered to her as her solicitors in the cause, which is a suit for divorce and custody of children. The memorandum of the Trial Judge of July 30, 1965, wherein he stated that defendants would be obligated to counsel for $7,500.00, is referred to and it is averred that defendant has admitted that she owes this sum to the petitioners and has promised to pay same but has not paid any part of it. It is averred that petitioners are informed and believe that defendant fraudulently disposed of her interest in certain real property by conveying to her mother and that she is concealing herself and her property. They aver that they are informed and believe that defendant is owner of certain shares of stock in certain companies including D and T Land Company which is a Tennessee corporation and that complainant, William E. Donlon has in his possession certain shares in

D and T Land Company and that the defendant is owner of one-half of these shares.

The petition prays for process and for a judgment against defendant Ernestine M. Donlon for $7,500.00 and for an Interlocutory Mandatory Injunction requiring defendant and William E. Donlon to deliver to the Clerk of the Court all of defendant's stock in Donlon Construction Company, Inglewood Equipment Company and D and T Land Company and the certificates therefor; that the defendant, complainant and respondent D and T Land Company be required to do all things necessary to issue a certificate in the defendant's name, representing her shares in the D and T Land Company and to deliver the certificate to the Clerk of the Court; that the Clerk sell all of said stock to the highest and best bidder for cash in bar of the equity of redemption and that the proceeds of such sale be applied to the payment of said judgment awarded petitioner; that an attachment be issued and levied on all of the stock of defendant Ernestine M. Donlon in said three corporations and that the stock be subjected to the satisfaction of said judgment in favor of petitioners; and, finally, for an interlocutory injunction against selling, transferring, assigning, or encumbering the stock of the defendant in any of the aforesaid companies, and for general relief.

The injunctions as prayed were issued on Fiat of the Trial Judge.

The record here indicates that without the issuance of process on this suit for an attorney's fee; and without the filing of an answer thereto or the taking of a pro confesso, the cause was heard before the Trial Judge on January 19, 1966 and was treated as a regular proceeding

in the case of William E. Donlon vs. Ernestine M. Donlon, although the final decree in that cause had been entered more than thirty (30) days prior to that time and no appeal prayed or taken except as to child custody.

On the same day (January 19, 1966) a decree was entered as follows:

## "ORDER

This cause came on to be heard on January 19, 1966, before Honorable Benson Trimble, Judge, upon the petition of the petitioners, Maclin P. Davis, Jr. and Kenneth L. Roberts, to order certain assets of defendant to be sold to satisfy the solicitor's fee owed petitioners by said defendant, argument of counsel and the entire record herein, from all of which it appeared to the Court that defendant is indebted to petitioners in the amount of $7,500; that complainant has in his possession a certificate of certain shares of stock in D and T Land Company a corporation; that defendant is the owner of one-half of the shares represented by said certificate; and that defendant's shares of stock in said corporation should be sold and the proceeds applied to payment of said fee owed to petitioners.

It is therefore ORDERED and DECREED by the Court that petitioners, Maclin P. Davis, Jr. and Kenneth L. Roberts, are awarded judgment against defendant, Ernestine M. Donlon, in the amount of $7,500 for which execution may issue; that complainant, William E. Donlon, will cause a certificate to be issued in the name of the defendant, Ernestine M. Donlon, representing 25% of the common stock of D and T Land Company; that said certificate shall be delivered to the Clerk of this Court no later than 12:00 noon on

January 24, 1966; that, after advertising for ten days as provided in 26 T.C.A. 701 and 702, the Clerk shall sell defendant's said stock in D and T Land Company at public auction to the highest and best bidder for cash, in bar of all inequity of redemption; and that the proceeds of such sale shall be applied first, to the expenses of sale, second, to the payment of said fee of $7,500 owed to Maclin P. Davis, Jr. and Kenneth L. Roberts, third, to Third National Bank of Nashville to be applied upon an indebtedness due it of $11,600, and the balance remaining, if any, shall be paid to defendant. It is further ORDERED and DECREED that, upon the delivery to the Clerk of said certificate in defendant's name for 25% of said stock of D and T Land Company, any and all claims of defendant against complainant for stock of D and T Land Company arising out of any written agreement shall be fully and completely satisfied and discharged; that by 12:00 noon on January 24, 1966, defendant shall execute and deliver to the Clerk a written power of attorney appointing him as her agent to transfer said stock; and that all other matters presented in said petition are reserved.

/s/ Benson Trimble
Judge"

On March 11, 1966 a Motion was filed by Maclin P. Davis, Jr. and Kenneth L. Roberts to confirm the sale of defendant's stock in D and T Land Company and to direct that title to said stock be transferred to the purchaser and that the Clerk distribute the proceeds in accordance with the order of January 19, 1966.

Then on March 17, 1966, the following order was entered:

## "ORDER

This cause came on to be heard March 17, 1966, before Honorable Benson Trimble, Judge, upon the Clerk's Report of Sale of defendant's stock in D and T Land Company and petitioners' motion to confirm said sale and said report, being unexcepted to, is by the Court in all things confirmed, which report is as follows:

"I respectfully report that, in obedience to an order entered in this cause on January 19, 1966, commanding me to sell the property therein mentioned, namely 25% of the stock of D and T Land Company registered in the name of Ernestine M. Donlon, defendant, and represented by Certificate No. 7 for 52½ shares of said stock, I advertised as required by said order and on the 11th day of March, 1966, at the south door of the Court House in Davidson County, Tennessee, sold said stock at public sale, in bar of the equity of redemption, to William Taylor, agent of Charles Wiles, he being the highest and best bidder, at the price of $20,000, for which he gave his check for $20,000 dated March 11, 1966.

It is therefore ORDERED and DECREED by the Court that all the right, title and interest of the defendant, Ernestine M. Donlon, and of all the other parties in this cause in and to 52½ shares of stock in D and T Land Company, heretofore registered in the name of defendant and represented by Certificate No. 7, be divested out of defendant and each of said other parties and be vested in the purchaser, Charles Wiles, and, said purchaser having paid said purchase price of $20,000 in full, said stock shall be transferred on the books of D and T Land Company to the said Charles Wiles.

It is **FURTHER ORDERED** that the Clerk shall distribute said proceeds as provided in said order of January 19, 1966.

/s/ Benson Trimble

Judge''

After a motion to amend the foregoing order so as to note an exception by Ernestine Donlon, and a decree allowing said exception, a Petition to Rehear and a Petition to set aside the judgment and sale of stock was filed on April 13, 1966.

This sworn Petition recites the proceedings up to that point including the divorce decree, the various orders of the Court, the sale of the stock of Mrs. Donlon for Twenty Thousand Dollars ($20,000.00) and states:

"The stock sold for $20,000.00 and it represented one-fourth of the stock in the D and T Land Company. Your petitioner avers that the value of that one-fourth interest is approximately $70,000.00. Your petitioner avers that she was represented by Mr. Victor Barr, Jr., who signed the Order, but that she did not agree to the sale of said stock."

Petitioner then avers that the Court had no jurisdiction to enter the order of January 19, 1966 giving judgment for attorneys fees because the decree of August 2, 1965 was final and was not subject to be modified after the expiration of 30 days therefrom.

Petitioner then questions the original jurisdiction of the Court to hear and award a judgment on a personal obligation between attorney and client, asserting that said cause should have been filed in the Circuit Court of Davidson County with the issuance of summons and declaration, and service of process on the defendants.

The petition prays (1) for service of process on the defendants and that they be required to appear and answer; (2) that petitioner be granted a re-hearing on the action of the Court approving the sale of D and T Land Company's stock and that the order of March 17, 1966 be set aside; (3) that the judgment of January 19, 1966 be declared void and set aside and petitioner's stock be returned to her; and (4) in the event the Court had authority to enter the Order, that it reconsider its action of March 17, 1966, and order a re-sale of the stock, since it clearly appears that an inequitable amount was received at the previous sale; (5) for general relief.

The answer of William E. Donlon, C. H. Wiles, William Taylor and D and T Land Company to this petition to re-hear was filed on April 19, 1966, it being asserted that the decree complained of was an agreed decree. Incidentally, the record does not show it to have been a consent decree, although it was approved for entry by. lawyers in the case.

It is admitted that pursuant to the entry of the decree hereinabove, William E. Donlon surrendered the stock in question to the Circuit Court Clerk and that the Clerk advertised and sold said stock on March 11, 1966 for $20,000.00 to William Taylor acting for C. H. Wiles. The answer asserts that the stock was sold pursuant to a decree of the Court which is now final and unappealed from. It is admitted that William E. Donlon as President of D and T Land Company delivered said stock to the Clerk in pursuance of the order of the Court.

There is a Circuit Court summons dated Second Monday in January 1966, to William Donlon, C. H. Wiles, William Taylor, D and T Land Company, Third National

Bank, Maclin Davis and Kenneth Roberts, citing said defendants to appear and answer Ernestine Donlon in her petition to rehear and petition to set aside the judgment of the sale of stock.

An order of May 18, 1966, recites that the Honorable Benson Trimble, Judge of the Fourth Circuit Court of Davidson County, on a Petition to Rehear and a Petition to set aside the sale of stock owned by the defendant in the D and T Land Company, after hearing argument took the cause under advisement.

On June 27, 1966, a decree was entered reciting that on application of the defendant, Ernestine M. Donlon and petitioners Maclin P. Davis, Jr., and Kenneth L. Roberts, Virginia Wells and Third National Bank in Nashville, seeking leave to withdraw the petitions of said petitioners and any claims of said petitioners to defendant's stock in D and T Land Company or to the proceeds thereof, *it appeared to the Court by consent of the parties that the defendant had paid the sum of $7,500.00 to the petitioners Maclin P. Davis, Jr. and Kenneth L. Roberts, the sum of $925.00 to petitioner Virginia Wells and the sum of $11,600.00 to petitioner Third National Bank in Nashville and that defendant has paid to Miss Mamie Rust the full amount of her charges for serving as Court Reporter in the cause, it is thereupon ordered and decreed by the Court that the claims of petitioners hereinabove set out are dismissed and that the claims of Third National Bank in the defendant's stock or the proceeds thereof having been satisfied in full are hereby released but the question as to whether the sale of the stock and the proceeds of the sale are reserved for future orders.*

On the 20th day of July, 1966 a Memorandum was filed by the Judge reciting that the cause came on for further

hearing on the petition to rehear and the petition to set aside the judgment and sale of stock and upon able briefs of solicitors and the entire record "from all of which the Court finds that the equities will be served herein by the Clerk of the Court conducting a resale of said stock." This was followed by a decree referring to the foregoing memorandum of July 20, and reciting: "It is therefore ORDERED and DECREED That the Clerk of this Court conduct a resale of said stock on or before August 8, 1966 at 4:00 P.M."

To this action the defendant, C. H. Wiles excepted and prayed an appeal to the Court of Appeals and the sale is held in abeyance pending this appeal.

There is one other entry in the record which should be noted and that is the Clerk's receipt issued to Mrs. Ernestine Donlon for Twenty Two Thousand Dollars ($22,000.00) which represents an increase of ten percent (10%) over the bid heretofore made by William Taylor for and on behalf of Charles Wiles for the stock owned by Mrs. Donlon in D and T Land Company, Inc., which stock is in the custody of the Clerk of the Court.

### III

The foregoing extended recitation of the steps taken in this cause was felt to be necessary in order to put the case in proper perspective in view of the conclusions we have drawn with respect to same.

▇ It seems clear from this record that the decrees of July 30th and August 2, 1965, which were unappealed from and no subsequent steps taken thereon within thirty (30) days, became final except as to the question of custody of the children which was appealed.

▬▬▬▬▬▬▬▬▬▬

The petition of Maclin P. Davis, Jr., et al, filed January 7, 1966, asking a judgment against Mrs. Donlon for attorneys fees and seeking to impound certain stock owned by her and asking that it be attached and sold in satisfaction of the judgment which they sought, although filed under the name and style of Donlon vs. Donlon and treated as a part of that case by attorneys and by the Court, was obviously an original suit.

▬ This brings us to the first question to be considered, which is one raised by counsel for Mrs. Donlon. They assert that the Fourth Circuit Court of Davidson County is without jurisdiction of the subject matter of the suit for attorney's fees and, therefore, any decree entered by the Court on same is void.

We turn then to Chapter 44 of Public Acts of Tennessee for 1957, entitled "An Act to Expedite Justice in Davidson County by Establishing a Fourth Circuit Court of Davidson County". We observe that the Court is styled "Fourth Circuit Court of Davidson County."

Section 2 of the Act provides that the said Court shall be held in the City of Nashville and;

"[S]hall have concurrent jurisdiction with the Circuit Court of Davidson County, the Second Circuit Court of Davidson County and the Third Circuit Court of Davidson County on all matters involving divorces, annulments, separate support and maintenance, custody of children, support of children," etc.

Other sections of the Act provide for appointment of Special Masters, for appeals from said Court, for process, etc. Section 6 of the Act provides in part as follows:

"The Judge of the said Fourth Circuit Court shall receive the same salary, payable in like manner, and

shall have the same dignity of office as the Circuit Judges of this State, and may interchange with any of the Circuit Judges, or Chancellors of this State.''

We have been unable to discover anything in the Act that denies jurisdiction to the Judge of that Court in matters such as the one involved in the case at bar, particularly, having to do with attorneys fees claimed by attorneys in a case that was heard and concluded by the Judge of that Court.

Therefore, we think the objection raised by defendant with respect to the jurisdiction of the Court of the subject matter of the suit herein is not good.

But there are other serious discrepancies in this record with respect to the judgment in question. For example, it is nowhere reflected in this record that any answer was filed to the petition of January 7, 1966 seeking judgment for attorneys fees and the impounding of the stock of Mrs. Donlon by attachment and injunction. Nor was there any process shown to have been issued bringing in the defendants in the cause and no pro confesso taken, but, as observed hereinabove, it was proceeded with, apparently, on the assumption that the Court was dealing with a matter that was retained as a part of its jurisdiction in the Donlon vs. Donlon divorce case. The attachment and injunction were issued as prayed, all of the impounded stock sold and the proceeds sought to be applied to the payment not only of the fee of Messrs. Davis and Roberts but to other claims as well.

Since on March 17, 1966 the sale was confirmed and then on April 13, 1966, the Petition for Rehearing to set aside the confirmation of sale was filed, the question is

raised as to whether or not the sale became final and not subject to the review as is sought herein.

■ If we assume that the proceedings were regular so that the Court acquired jurisdiction so as to enable it to order the stock impounded and sold without the service of process or without answer or pro confesso, we think it retained jurisdiction so that the decree of confirmation could be set aside within 30 days after its entry upon proper showing.

It is said in Gibson's Suits in Chancery, Fifth Edition, Section 675, that when the Master in a Chancery suit makes the sale of personalty and reports his action to the Court, upon confirmation of said sale by the Court it becomes complete, but in sales of realty a mere confirmation of the report does not itself divest and vest title but only completes the sale and the legal title must be passed by decree, or by deed in pursuance of the decree. However, we have found no case in Tennessee that supports the proposition above stated that the sale of personalty by the Court becomes complete upon the confirmation thereof, thus impliedly asserting that the Court loses jurisdiction to set same aside after the sale is confirmed, even before the expiration of thirty days.

In Moore v. Watson, 44 Tenn. 64, where a steamboat and her appendages were sold by the Master and the sale confirmed to the original purchasers, thereafter, but at the same term on an advance bid this sale was set aside and the bidding re-opened and an advance bid received.

Section 18-206, T.C.A., sets out the duty of the Clerk whenever property has been sold by him under the orders of Court, to make and submit a report showing the prop-

erty sold, the amount of the sale, principal and interest collected, etc., and it further provides:

"Any person interested in the report may except thereto, as in other cases."

Section 18-207, T.C.A., provides that the report and the action of the Court thereon shall be embodied in a decree to be entered on the minutes of the Court and, *"The action of the court is subject to the right of appeal by the persons interested, as in other cases."*

In Bryant v. McCollum, 51 Tenn. 511, it was said that the proper mode of setting aside a sale for a matter not in the record is by petition and not by exceptions to the report.

In Mounds City Mutual Life Insurance Company v. Hamilton, 3 Tennessee Chancery Reports (Cooper) 228, it was said:

"Under the usual practice of the courts in this state, their orders and decrees being completely in the judge's control, the ends of justice require that applications to advance the biddings, made at any reasonable time during the term, should be considered as made before confirmation; and this should be so, even under a stricter practice, if a sufficient excuse be given for the delay in making the application until after confirmation."

In Donaho et al. v. Bales, Tennessee Chancery Appeals, 59 S.W. 409, it was said that where property worth from $300.00 to $400.00 was sold for $50.00 the price is so inadequate that the sale will be set aside on a proper showing, the Court saying:

"The price was shockingly inadequate and the sale should be set aside on this ground * * * mere inade-

quacy, of course, is not per se a ground to avoid a bargain in equity; but the inadequacy may be so great as to shock the conscience of the Court, as to amount of itself to conclusive proof of fraud, and it then is a distinct ground of relief." Story's Equity Jurisprudence 246

In Dreher v. Hill, 5 Tenn.App. 10, it was said:

"The purchaser at a Chancery sale who has merely a decree confirming the Master's report of sale without purporting to divest and vest title, gets only the equitable title."

In Phillip's Pritchard Law of Wills, Volume 2, Section 823, it is said that: "If the report is confirmed, the report and the action of the report thereon must be embodied in a decree to be entered on the minutes of the Court. The action of the Court is subject to the right of appeal by persons interested as in other cases.", citing T.C.A. 18-207. The text goes on to state: "The effect of the sale, and the rights and liabilities of the purchaser, before and after confirmation, are the same as in other cases of sales under decrees in equity."

We call attention to Section 670, Gibson's Suits in Chancery (Fifth Edition) wherein it is said that the duties of the Court in making sales of property is an exercise of great power on the part of the Court. And in making a judicial sale the Court should diligently see (1) that the proper parties are before the Court to give a good title to the purchaser; (2) that the pleadings and proofs justify the sale; (3) that there is a proper decree of sale; (4) that the sale is made by the Master in strict compliance with the decree; (5) that the best price possible is obtained for the property sold; and (6) that the

report of sale by the Master and the confirmation thereof are in regular form. The Court acts as a sort of judicial agent for the parties in making a sale.

The text goes on to say that the Court has two great duties to discharge, (1) the duty to the owner of the property and (2) the duty to the buyer of the property and that it savors of judicial tyranny and oppression to sacrifice the owner by selling his property for a grossly inadequate price, or to sacrifice the buyer by taking his money and not giving him a good title in return.

While the reported cases referred to generally deal with sales of real estate, we find no case seeking to abrogate the statutes which provide for appeals and retention of control by Courts of their decrees for 30 days after rendition, in cases involving sales of personalty under Court orders.

In the first place we think that the proceedings in this matter were so irregular that the sale should have been set aside. But, even if the Court had proceeded properly and the impoundment of the property and the decree of sale were regular in all respects, it had not lost jurisdiction to set aside this decree within 30 days after the decree of confirmation.

It seems especially necessary in the case at bar to apply such rules of equity as will reach the merits in view of the fact that the record discloses that the very debts for which this stock of Mrs. Donlon was ordered sold and the proceeds applied thereto, were satisfied and paid off in full so that there is no longer any debt to be satisfied, and no longer any reason for the sale of the stock.

In view of all the facts and circumstances shown by this record, we overrule the assignment of error with respect

to the order setting aside the confirmation of sale and remand the cause to the Trial Court for the purpose of taking such steps and entering such orders and decrees upon proper motions or pleadings as will, as far as may be, restore the parties to the status in which they found themselves before the impounding of this stock and the sale thereof.

Affirmed in part, reversed in part, and remanded.

Humphreys and Puryear, JJ., concur.