Virginia Jewell Hubbs PALMER,
Original Plaintiff,

v.

Landon Louis PALMER, Original
Defendant,

James R. Sasser and Harvey L. Sproul,
Intervening Petitioners, Appellants.

Court of Appeals of Tennessee,
Middle Section.

Oct. 28, 1977.

Certiorari Denied by Supreme Court
Feb. 27, 1978.

Virginia Jewell Hubbs Palmer, pro se.

Jess D. Campbell, Knoxville, for Landon Louis Palmer.

William H. Woods, Goodpasture, Carpenter & Woods, Nashville, for intervenors.

## OPINION

TODD, Justice.

In this divorce case, James R. Sasser and Harvey Sproul, attorneys for plaintiff, have appealed from an order of the Trial Judge which fixed a lien upon real estate granted to plaintiff to secure $6,000.00 of appellants' fee but denied a lien to secure the remaining $6,000.00 of the total $12,000.00 fee allowed to appellants.

Appellants have filed assignment of errors and brief. A joint reply brief has been filed on behalf of plaintiff and defendant; however, at the bar of this Court, counsel for defendant stated that he represented only the defendant. Plaintiff appeared and presented oral argument on her own behalf.

There is no bill of exceptions. The cause is before this Court upon technical record only.

The assignments of error are as follows:

1.

"The Trial Court erred by changing a decree which had become final, to-wit, the decree of March, 1973 (TR 40), which impressed a lien upon the property obtained for complainant in this cause (TR 43), which decree was changed in November, 1976 by 'Memorandum' (TR 140) and Order (TR 141) of the Court.

2.

"The Trial Court erred in not impressing a lien for the full amount of plaintiff's attorneys' fees against the 14-acre tract of ground owned by her former husband obtained for plaintiff by her attorneys in this cause.

3.

"The Trial Court erred in failing to hold that defendant had no 'standing' to raise the question concerning the placing of the lien against the 14-acre tract of land for the full amount of reasonable fees awarded plaintiff's attorneys."

On March 5, 1973, a final decree was entered wherein plaintiff was awarded an absolute divorce, and custody of two minor children. Paragraph (3) of said decree required continuance of previously ordered alimony and child support payments. Paragraph (4) of said decree divested defendant of title to 14 acres in Loudon County, Tennessee (describing same fully) and vested same in plaintiff. Paragraph (5) of said decree divested defendant of title to "property located in the Four Seasons Resort in DeKalb County" and vested same in plaintiff without other description. Paragraph (6) of said decree provided verbatim as follows:

"(6) The attorneys for Complainant are entitled to a reasonable fee for their services to Complainant in this Cause and a lien is hereby declared upon the aforedescribed property in Paragraphs 3 and 4 of this Decree, the amount of said lien to be set upon further orders of this Court."

On April 24, 1974, a "Motion for Attorney's Fee" was filed which begins with the words,

"COME the solicitors of record for the complainant Virginia Jewell Hubbs Palmer, James R. Sasser and Harvey Sproul and would respectfully show to the Court the following matters:"

The record shows that a copy of the motion was served upon counsel for defendant, but there is no record of any notice to plaintiff of said motion.

On March 26, 1976, the Trial Judge filed a memorandum resulting in a decree entered on April 20, 1976, providing verbatim as follows:

"It is accordingly, ORDERED, ADJUDGED AND DECREED that Harvey L. Sproul and James R. Sasser, attorneys for plaintiff, be awarded a fee of $12,000.00 for their services in this cause, with the plaintiff, Virginia Jewell Hubbs Palmer, being responsible to pay one-half of the fee in addition to the $500.00 previously awarded. It is further ORDERED and DECREED that the lien established by the Court in its decree dated February 22, 1973, be continued and a lien be impressed upon all the properties of each of the parties until the fees awarded to plaintiff's attorneys have been satisfied in full, with specific reference being made to the following described tract of land which was owned by the defendant when these proceedings began, but having been awarded to plaintiff in the aforementioned decree of February 22, 1973:" (Here follows a description of the Loudon County property.)

On April 19, 1976, defendant moved to "set aside the memorandum of March 26, 1976" on certain grounds.

On May 17, 1976, a "Motion to Strike" was filed which states in part:

"Comes the plaintiff, Virginia Jewell Hubbs Palmer, and her attorneys, Harvey L. Sproul and James R. Sasser, and moves the Court to strike the motion to set aside the Court's memorandum of March 26, 1976, and the subsequent order, on the following grounds:

\*     \*     \*     \*     \*     \*

"5. Any complaint concerning the action of this Court as to liens on the property of plaintiff is not within the prerogative of defendant to raise . . . .
The agreement or contract of employment is between plaintiff's attorneys and plaintiff, and the first responsibility for payment of such fees lies with the plaintiff in this regard and such is particularly so concerning any property which she may receive as a part of the settlement in this cause."

The usual certificate of service upon adversary counsel is appended to this motion, but there is no record of any notice of same to plaintiff.

On May 17, 1976, a motion was filed stating in part:

"Comes the attorneys for plaintiff and move the Court that the Memorandum of Opinion and the Order entered herein be amended or altered as follows:

1. To provide that the fee for plaintiff's attorneys be set at $15,000.00 as requested.

2. That defendant be declared and adjudged to be responsible for the entire fee, but that the lien established by the Court be specifically adjudged as against the 14-acre tract.

3. The judgment of the Court as to attorneys' fees should be stated in such a way as to indicate plaintiff's responsibility for paying her own lawyers, but to require full responsibility on plaintiff's ex-husband for all of the fees for plaintiff's attorneys, who should be responsible for reimbursing plaintiff for all the fees."

Again, there is no evidence that plaintiff was notified of the filing of the motion.

On January 24, 1977, an order was entered providing as follows:

"This cause came on to be heard on the 1st day of July, 1976, upon the motion of defendant Landon Louis Palmer regarding attorney's fees set by the court and liens upon the property of the plaintiff Virginia Jewel Hubbs Palmer for the collection of attorney's fees awarded against the defendant Landon Louis Palmer, and upon a motion to strike the motion of the defendant, and a motion to alter or amend a prior order of this court filed by the former attorney of the plaintiff. . .
After argument and testimony, the court has rendered a memorandum opinion, and pursuant to that finding, it is hereby ORDERED that the motion of the defendant is granted in part and the motions of the plaintiff's former attorney are overruled so that the prior attorneys fees awarded of $12,000.00 shall be affirmed. The plaintiff shall be responsible for paying one-half (½) the fees, or $6,000.00, and the lien heretofore impressed upon her property shall stand for that amount alone. The defendant shall pay fees of $6,000.00, and the property of the plaintiff shall not be impressed with any lien for the payment of the defendant's portion of the fees owed."

The preceding order was approved by signatures of plaintiff, her attorney and counsel for defendant.

On February 9, 1977, a "Petition to Intervene" was filed, reading in part as follows:

"Come now James R. Sasser and Harvey L. Sproul who would respectfully show to the Court:

1. These attorneys formerly represented Mrs. Virginia Jewel Palmer in this cause and secured for her an absolute divorce from the defendant Landon Louis Palmer. . . .

.    .    .    .    .

"The petitioners will be irreparably harmed by the release of this lien in that they will be unable to collect one-half of their fee for valuable services rendered to plaintiff Virginia Jewel Palmer and as a result of which the said plaintiff secured valuable properties.

"PREMISES CONSIDERED, James R. Sasser and Harvey L. Sproul, intervenors, be allowed to intervene in this cause to protect their interests in the attorney's fees heretofore awarded them by the Court.

.    .    .    .    .

cc: Mr. Jess Campbell

Attorney-at-Law
Southern Industrial Bldg.
205 Clinch Ave., S. W.
Knoxville, Tennessee 37902
Mrs. Virginia Jewel Palmer"

On March 30, 1977, an order was entered reading in part as follows:

"This cause came on to be heard on March 17, 1977 before the Honorable Benson Trimble, Judge, the complainant being present in Court and counsel for the defendant and intervenors being present, upon the petition of Harvey Sproul and James R. Sasser to intervene in this cause to protect their interest in the fee heretofore allowed them by the Court which motion the Court finds is well taken and said attorneys are allowed to intervene in this cause.

"The cause came on to be further heard upon the motion of the intervenors for the Court to reconsider its action heretofore taken in regard to the $12,000.00 fee allowed the intervenors and fixing a lien on the property which said intervenors had obtained for the complainant from the defendant to secure the payment of their fee and reducing the lien fixed on said property to $6,000.00 by ordering that the complainant would be liable for only $6,000.00 of said fee and that the defendant be obligated for the remaining $6,000.00.

"The Court is of the opinion that the motion to reconsider its action in reducing the lien on this property to $6,000.00 is not well taken and same is accordingly overruled."

Appellants first insist that the divorce decree of March 5, 1973, became final after the lapse of 30 days thereafter and that any attempt to alter same is untimely. The quoted portion of said decree, supra, merely states that attorneys for complainant are entitled to a *reasonable fee* (amount not stated) and declares a lien upon certain property (purpose of such lien not stated) and further provides:

"the amount of said lien to be set upon further orders of this Court."

It is therefore obvious that the decree of March 5, 1973, was not a final adjudication of the amount of the fee of appellants or the lien to secure same.

■ Appellant next relies upon the "Memorandum" of March 26, 1976, quoted supra. No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court.

■ The decree of April 20, 1976, implementing the memorandum of March 26, 1976, must be regarded as the authoritative and effective action of the Trial Court.

Appellants insist that the memorandum (decree of April 20, 1976), established the rights of appellants to a $12,000.00 lien upon their client's property which was final and could not thereafter be changed by the Court.

■ The motion filed by defendant on April 19, 1976, to "set aside the memorandum of March 26, 1976," must be regarded as a motion for new trial or petition to rehear or motion to alter or amend judgment in respect to the decree of April 20 which implemented the memorandum of March 26, 1976. Viewed in this light, said motion preserved jurisdiction of the Trial Court to set aside, alter or amend the decree of April 20, 1976, until the motion should be ruled upon.

The "Motion to Strike" filed by appellants (quoted supra) correctly stated that the issue of fees to be paid by plaintiff to her attorneys is peculiarly between plaintiff and her attorneys.

On May 17, 1976, within 30 days after the decree of April 20, 1976, appellants filed a motion which in effect was a motion for new trial, a motion to alter or amend, or a petition to rehear in respect to the decree of April 20, 1976. Significantly the record discloses no issue made or tendered to plaintiff in respect to the fee, in spite of the previous protestations that the fee was a matter between plaintiff and her attorneys. This motion preserved and extended the authority and jurisdiction of the Trial Judge to alter or amend his decree of April 20, 1976.

■ In any event, the above mentioned motion of defendant, filed on April 19, 1976, and the above mentioned motion, filed by appellants on May 17, 1976, served to preserve and extend the jurisdiction and authority of the Trial Judge to vacate, alter or amend his decree of April 20, 1976, and said authority and jurisdiction continued to January 24, 1977, when the Trial Court apparently disposed of both motions in his decree of that date.

There is considerable doubt that the "petition to intervene" filed by appellants on February 9, 1977, within 30 days of January 24, 1977, effectively preserved and extended the authority of the Trial Judge to vacate, alter or amend his decree of January 24, 1977; but, as indicated above, he declined to do so on March 30, 1977, which renders this question moot.

The first assignment of error is respectfully overruled.

In support of the second assignment of error appellants' brief states that "*the law of Tennessee is or should be* that attorneys for a plaintiff are entitled to a lien upon the recovery effected in court to secure their fees for so doing."

§ 29–202 T.C.A. does provide for a lien "upon the plaintiff's . . . right of action."

Appellants cite *Railroad v. Wells,* 104 Tenn. 706, 59 S.W. 1041 (1900), wherein the railroad settled with plaintiff for $100.00 while his $1,999.00 damage suit was pending in court. When the railroad sought dismissal of the suit, the Court awarded judgment against the railroad and in favor of plaintiff's attorneys for $50.00. The Supreme Court held that the Trial Court should have rendered judgment in favor of the plaintiff and against the defendant for $100.00 to be satisfied by payment of the attorneys fee, *to be established by the Court.*

Appellants cite *Hunt v. McClanahan,* 48 Tenn. (1 Heisk.) 503 (1870) which recognizes the equitable "lis pendens" as effective during litigation and specified in final judgment or decree. In said opinion, the Master

was directed to hear proof and report a reasonable fee.

As stated, appellants in the present case complain that, whereas the Trial Judge determined that a reasonable fee was $12,000.00, he directed that plaintiff pay only $6,000.00 of same and that only $6,000.00 of same be secured by lien.

Appellant's brief suggests that if the Courts do not assure the payment of fees which are deemed adequate "second thoughts" may arise as to loyalty to client's interests to the preference of the interests of counsel. This Court does not accept the premise that the honorable bar of this State would neglect or betray the interests of their clients in order to assure payment of a fee.

Appellants cite a headnote from *Donlon v. Donlon,* 57 Tenn.App. 319, 418 S.W.2d 448 (1967). In that case, the Trial Court granted a divorce to the wife and ordered that the husband pay one-half of her attorney's fee. The decree stated that the wife was "obligated" for the other half of the fee, but she was not ordered to pay it. Her attorneys sought to enforce a lien to secure *the fee owed them by the wife.* This Court held the proceedings to be irregular and, finding that the wife had satisfied her obligation to her attorneys, terminated the action upon the lien as moot. The cited case is not authority for enforcing the lien for attorney's fees due from the husband by encumbering the property of the wife.

It appears in the present case that the wife has paid the $6,000.00 portion of the fee for which a lien was declared upon her property. The present case therefore differs from the cited case in that the appellants are seeking a lien on the wife's property to secure a fee due them from the husband.

■ Appellants rely upon the principle stated in *Winslow v. Winslow,* 133 Tenn. 663, 182 S.W. 241 (1915); *Sanders v. Sanders,* 40 Tenn.App. 20, 288 S.W.2d 473 (1955) and authorities cited therein. Said principle in substance is that, where a wife is without resources to provide counsel for

herself, the court will require her husband to provide funds necessary for procuring services of counsel by a grant to her of attorney's fees ad litem. In practice, such fees are almost uniformly ordered to be paid to the wife's counsel, but the grant is justified as an allowance to the wife for a necessary expense.

■ In the same manner, at the conclusion of a divorce case, *if* the wife is without sufficient resources to property compensate her attorney, and *if* the financial provisions made for the wife by way of alimony periodic and/or in solido do not include the means of compensation of her attorney, *then* (and only then) the court is authorized to and will grant to the wife *additional alimony* for the purpose of enabling her to pay her attorney. In practice such "additional alimony" is frequently designated simply as fee to be paid to the wife's counsel; but the justification and principle are the same, i. e. that money ordered to be paid by the husband to the wife's attorney is additional alimony allowed to the wife.

■ There is another principle, frequently enunciated in unpublished opinions of this Court, that a divorce court has no authority to order the successful wife to pay to her attorney any amount, this being a matter of contract between herself and her counsel, and not ordinarily being an issue to be determined in a divorce proceeding. If counsel desires a judgment in his favor and against his client, relief should be sought in adversary proceeding equivalent to a suit by the attorney against his client. This principle is not of determinative importance in the present appeal because, as stated, the wife paid to her counsel the $6,000.00 as ordered by the Trial Court.

■ There is a situation in which a Trial Court may, to a degree, rule upon the rights of counsel against his client, and that is when counsel seeks the declaration and enforcement of his lien against the funds or property recovered by his efforts. In such event, the Trial Court must perforce determine the extent (amount) of the lien to be enforced. This is what occurred in *Railroad*

*v. Wells.* In effect, this is what occurred in the present case.

Originally, the Trial Judge simply granted a lis pendens, indefinite in amount. Subsequently, the Trial Judge adjudged that the services of the wife's counsel were worth $12,000.00. In respect to the rights of the husband, the adjudication was probably upon proper procedural foundation. In respect to the rights of the wife, the adjudication was probably *not* upon proper procedural foundation because the wife's counsel had not created an adversary relationship between themselves and their client by proper process and pleading to place the wife on the defensive as to the relief desired against her.

In any event the $12,000.00 adjudication never became final because of two timely motions to vacate, alter or amend the adjudication. Eventually, acting under his powers to alter extended by the pendency of the motions, he saw fit to amend his adjudication to divide responsibility for the fee equally between the parties *and* to limit the lien upon the property recovered in the suit to $6,000.00. This lien was satisfied when the wife paid $6,000.00 to her counsel.

Appellants insist that the Trial Judge erred in failing to allow a lien against the property of the wife for the full $12,000.00. Without a bill of exceptions, this Court is without any means of reviewing this action of the Trial Judge. This Court cannot agree with appellants that the allowance of a $12,000.00 fee to be paid one half by the wife and one half by the husband thereby compels the Trial Judge to declare a lien for the entire $12,000.00 against property awarded to the wife.

In fixing the amount of the lien, the Trial Judge must be allowed a measure of judicial discretion based upon all of the facts and circumstances which are not preserved for examination by this Court. For example, the agreement between the wife and her counsel as to fees would be highly material. In her oral presentation to this Court, the wife made references to conversations with her attorneys about their fee. This Court has no means of knowing what

evidentiary statements were made to the Trial Judge in this regard.

The value of the property involved is a very material factor in fixing the amount of the lien. If the property was worth no more than $12,000.00, it would be almost inconceivable to award counsel a lien upon 100 per cent of this part of the recovery unless adequate funds were provided otherwise for payment of the $12,000.00 by the wife. There is no evidence in this record as to the value of the property or the financial ability of the wife to pay $12,000.00 to exonerate the property.

In short, the meager showing of the technical record is not sufficient to justify the reversal of the action of the Trial Judge as sought by appellants.

The second assignment of error is respectfully overruled.

This Court is inclined to agree with appellants' third assignment of error that the defendant husband has no standing to assert or defend the property rights of his divorced wife. The reply brief of appellees is signed by counsel for the husband and by the wife in her own proper person. It has been considered as the brief of the wife, since she appears to have adopted it.

Moreover, because of the personal appearance by the wife before this Court and her appealing oral plea for justice, this Court has examined the justice of the issue without relying solely upon the brief and argument of appellees.

This Court is not unsympathetic with counsel who at first were led to believe they would recover a $12,000.00 fee and now find (as they insist) that only $6,000.00 will actually be received. It is well known, however, that many fees awarded in divorce cases are never collected; and counsel may consider themselves more fortunate in the present case than other counsel who have fared far worse in other cases.

As the technical record is viewed in the light of the cited authorities, the net effect of the actions of the Trial Judge is as follows:

The Trial Judge decided that the wife was able to pay and should pay her counsel $6,000.00 fee to secure which he declared a lien upon property awarded to the wife. This fee has been paid and this lien has been discharged.

The Trial Judge has awarded the wife additional alimony of $6,000.00 for the purpose of paying an additional fee of like amount to her attorneys and has declared a lien upon this additional alimony by ordering it paid to the wife's attorneys. If and when the attorneys collect this additional alimony, they have a lien upon and are entitled to the full amount.

The actions of the Trial Judge are affirmed. Costs of this appeal are taxed against appellants.

Affirmed.

SHRIVER, P. J., concurs.

DROWOTA, J., not participating.