IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 2, 2017

## LARONDA F. JOHNSON v. BARRY DOMINICK

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2015-CV-879   Ross H. Hicks, Judge**

_____

### No. M2016-01643-COA-R3-CV

_____

This is an appeal from the trial court's order concerning retroactive child support. Because the trial court's order lacks the findings of facts and conclusions of law required under Tennessee Code Annotated Section 36-2-311(a)(11), we vacate the order as to retroactive child support. The order is otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the trial court is Affirmed in Part; Vacated in Part, and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and W. NEAL MCBRAYER, JJ., joined.

LaRonda F. Johnson, New Market, Alabama, pro se.

Jacob P. Mathis, Clarksville, Tennessee, for the appellee, Barry Dominick.

# MEMORANDUM OPINION[1]

The minor child ("the Child"), at issue in this case, was born in December of 2000 to Appellant LaRonda F. Johnson ("Mother") and Appellee Barry Dominick ("Father"), who were not married. The facts are disputed as to whether Mother notified Father about the Child before the Petition to Establish Parentage was filed. Mother currently resides in Alabama with the Child, and Father currently resides in Tennessee.

On April 29, 2015, the Child Support Office for Tennessee ("the State"), *ex rel.* Mother, filed a Petition to Establish Parentage against Father. The State's petition was heard by the Magistrate on March 15, 2016. Mother and Father both testified at trial. In her Findings and Recommendations, the Magistrate established Father's paternity and, *inter alia*, awarded Mother a $34,920.00 judgment against Father for 60 months of retroactive child support. Father filed a Motion for Rehearing in the Circuit Court ("trial court"). The *de novo* hearing was held on July 8, 2016. As is relevant to this appeal, by order of July 12, 2016, the trial court ordered Father to pay retroactive child support dating back to May 1, 2015, the first day of the month following the filing of the Petition to Establish Parentage. The trial court also credited Father with $1,264.00 for payments toward his child support arrears and entered judgment in the amount of $3,974.00 for retroactive child support.[2] Mother appeals.

The parties raise two issues, which we restate as follows:

1. Whether the trial court erred when it ordered Father to pay retroactive child support from the date of the filing of the Petition to Establish Parentage instead of from the date of the Child's birth?

2. Whether Father proved, by clear and convincing evidence, that a deviation from the child support guidelines for the purpose of determining retroactive child support was proper in this case?

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The trial court entered an Amended Order on January 4, 2017 that was identical to the July 12, 2016 order except for the additional finding that Father is the Child's biological father; a finding that the trial court made but omitted from its July 12, 2016 order.

## Discussion

We do not reach these substantive issues due to procedural shortfalls.

Here, the trial court's Amended Order reads, in its entirety, as follows:

> This case came to be heard for a rehearing before the Honorable Ross H. Hicks, Judge, holding the Circuit Court for Montgomery County, Tennessee. Based upon the testimony, argument of counsel, and the entire record, the [c]ourt finds as follows:
>
> 1. That based on the factors set forth in T.C.A. 36-2-311, retroactive support should only be from May 1, 2015, through July 12, 2016.
>
> 2. That [Father] should receive credit for payments made totaling $1,264.00 toward his child support arrears.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that [Father], Barry Dominick, is hereby established as the biological father of [the Child], DOB: [December 2000].
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Father]'s current[] child support obligation is hereby set at $582.00 per month.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a judgment for retroactive child support is hereby entered against [Father] in the amount of $3,974.00. Said judgment shall be paid at a rate of $50.00 per month.

(Emphases in the original.)

Tennessee Code Annotated Section 36-2-311 sets out the requirements for awards of retroactive child support. When determining an award for retroactive child support, trial courts

> **shall** consider the following factors as a basis for deviation from the presumption in the child support guidelines that child and medical support for the benefit of the child shall be awarded retroactively to the date of the child's birth:
>
> (i) The extent to which the father did not know, and could not have known, of the existence of the child, the birth of the child, his possible parentage of the child or the location of the child;

- 3 -

(ii) The extent to which the mother intentionally, and without good cause, failed or refused to notify the father of the existence of the child, the birth of the child, the father's possible parentage of the child or the location of the child; and

(iii) The attempts, if any, by the child's mother or caretaker to notify the father of the mother's pregnancy, or the existence of the child, the father's possible parentage or the location of the child [.]

Tenn. Code. Ann. § 36-2-311(a)(11)(A) (emphasis added). The statute continues with specific instructions for the trial court to follow when it determines that there is clear and convincing evidence to support deviation from the child support guidelines resulting in a reduction of retroactive child support. Tenn. Code. Ann. § 36-2-311(a)(11)(B). Specifically, "[t]he [trial] court *must* make a written finding that application of the guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity between the parties[.]" Tenn. Code. Ann. § 36-2-311(a)(11)(B) (emphasis added). Furthermore,

(F) In making any deviations from awarding retroactive support, the court *shall* make written findings of fact and conclusions of law to support the basis for the deviation, and *shall* include in the order the total amount of retroactive support that would have been paid retroactively to the birth of the child, had a deviation not been made by the court[.]

Tenn. Code. Ann. § 36-2-311(a)(11)(F) (emphasis added).[3]

---

[3] In addition to the statutory requirements, Tennessee Rule of Civil Procedure 52.01 requires trial courts, in non-jury actions, to make specific findings of fact and conclusions of law in its final orders. As this Court has previously stated:

Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." "No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court." *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). There is no bright-line test by which to assess the sufficiency of factual findings, but "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013). This requirement is not a "mere technicality." *Roney v. Nordhaus*, No. M2014-02496-COA-R3-CV, 2015 WL 9594638, at *1 (Tenn. Ct. App. Dec. 30, 2015); *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). Findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. *Hardin,* 2012 WL 6727533, at *5; *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). "Without such findings and conclusions, this Court is left

- 4 -

As set out above, the trial court's order lacks the required findings of facts and conclusions of law. Specifically, the trial court's order contains no indication that the trial court considered the three factors in Tennessee Code Annotated Section 36-2-311(a)(11)(A) as a basis for deviation from the child support guidelines. The order also fails to "make a written finding that application of the guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity between the parties" as is required by Tennessee Code Annotated Section 36-2-311(a)(11)(B) when deviating from the guidelines. Finally, the order fails to "make written findings of fact and conclusions of law to support the basis for the deviation, and [fails to] include . . . the total amount of retroactive support that would have been paid retroactively to the birth of the child, had a deviation not been made by the court" as is required by Tennessee Code Annotated Section 36-2-311(a)(11)(F). In the absence of these required findings, this Court has no basis on which to review the trial court's decision regarding retroactive child support. Accordingly, we vacate the portion of the judgment regarding retroactive child support and remand for such further proceedings as may be necessary and consistent with this opinion, including, but not limited to, entry of an order complying with Tennessee Code Annotated Section 36-2-311(a)(11) and Tennessee Rule of Civil Procedure 52.01. Our holding here does not preclude the trial court from allowing the parties to present additional proof on remand.

## Conclusion

For the foregoing reasons, we vacate the portion of the trial court's order regarding retroactive child support and remand for entry of an order compliant with Tennessee Code Annotated Section 36-2-311(a)(11) and Tennessee Rule of Civil Procedure 52.01, and for such further proceedings as may be necessary and are consistent with this opinion. The order is otherwise affirmed. Costs of the appeal are assessed one-half to the Appellant, LaRonda F. Johnson and her surety, and one-half to Appellee, Barry Dominick, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

---

to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8.

*Butler v. Pitts*, No. W2016-01674-COA-R3-CV, 2017 WL 3432688, at *4 (Tenn. Ct. App. Aug. 10, 2017).