IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2019

## MARY BETH HARCROW v. CLYDE HARCROW

**Appeal from the Circuit Court for Sumner County**
**No. 83CC1-2018-CV-282  Joe Thompson, Judge**

_____

### No. M2019-00141-COA-T10B-CV

_____

This is an accelerated interlocutory appeal pursued pursuant to Tennessee Supreme Court Rule 10B.  Because Appellant admits that no order has been entered by the trial court with respect to her motion to recuse, we must dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Mary Beth Harcrow, Cumming, Georgia, pro se, appellant.

Joseph Longmire, Hendersonville, Tennessee, for the appellee, Clyde Harcrow.

## MEMORANDUM OPINION[1]

This appeal involves a request for relief pursuant to Tennessee Supreme Court Rule 10B.  The Appellant, Mary Beth Harcrow, has prayed that this Court reverse an alleged denial of a motion to recuse that she filed with the trial court on January 4, 2019.  Ms. Harcrow initiated proceedings in this Court on January 22, 2019 proceeding *pro se*,

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

filing her petition for recusal appeal on that date, along with a number of other documents and supporting exhibits. Having reviewed these filings and being of the opinion that an answer, additional briefing, and oral argument are unnecessary to our disposition, we act summarily to consider Ms. Harcrow's appeal. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal."); *see also* Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument)

Although Ms. Harcrow's appeal is premised on the notion that her motion to recuse was denied by the trial court, she openly acknowledges in her submissions to this Court that the trial court has not entered an order on her motion to recuse. This poses a jurisdictional problem to Ms. Harcrow's attempt at pursuing an interlocutory appeal. Although Rule 10B does provide for accelerated interlocutory appeals as of right from denials of motions to recuse, such appeals must follow from the entry of orders. *See* Tenn. Sup. Ct. R. 10B, § 2.01 ("If the trial court judge enters an order denying a motion for the judge's disqualification or recusal . . . the trial court's ruling . . . can be appealed[.]").

More than a technical jurisdictional problem, the absence of an order prevents any meaningful appellate review. In fact, if there is no order, there is *nothing* to review. *See Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977) ("No principle is better known than that which states that a Court speaks through its orders[.]"). We observe that Rule 10B specifically requires a trial judge to grant or deny a motion to recuse by written order, and with respect to denials, requires that a trial judge "state in writing the grounds upon which he or she denies the motion." Tenn. Sup. Ct. R. 10B, § 1.03. The need for such an order is central, as the only order we may review in a Rule 10B appeal is the order that denies a motion to recuse. *In re Adison P.*, No. W2015-00393-COA-T10B-CV, 2015 WL 1869456, at *3 (Tenn. Ct. App. Apr. 21, 2015) (citation omitted).

Given the current absence of an order from which an appeal could follow,[2] we are compelled to dismiss this appeal for lack of subject matter jurisdiction. Our dismissal of the present appeal in no way prejudices Ms. Harcrow from pursuing a proper appeal should the trial court subsequently enter an order denying her motion for recusal. We note that under Rule 10B, two options for appeal are presented: "[T]he trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right . . . or the ruling can be raised as an issue in an appeal as of right . . . following the entry of the trial court's [final] judgment." Tenn. Sup. Ct. R. 10B, § 2.01.

---

[2] Although evidence of an oral ruling would not resolve the problem posed by the lack of a written order, the materials submitted do not even appear to contain a transcript of an oral ruling.

In light of the above discussion, we dismiss this appeal for lack of subject matter jurisdiction and remand the case to the trial court for such further proceedings as may be necessary and are consistent with this Opinion.


_____
ARNOLD B. GOLDIN, JUDGE