IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 21, 2020 Session

## REGIONS BANK v. THE BLUMBERG TRUST ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 33556     Jean A. Stanley, Judge**

_____

**No. E2020-00051-COA-R3-CV**

_____

Appellant appeals the trial court's denial of its Tennessee Rule of Civil Procedure 24 motion to intervene. Because the trial court's order does not state the basis for its denial of the motion, we cannot review the ultimate decision. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Lance W. Thompson, Nashville, Tennessee, and Bradley R. Hightower, Birmingham, Alabama, for the appellant, Edgefield Holdings, LLC.

Ricky Lee McVey, II, Kingsport, Tennessee, for the appellees, The Blumberg Trust and John Allan Blumberg.

## OPINION

### I. Background

On or about December 16, 2003, AmSouth Bank, Regions Bank's predecessor in interest, entered into a promissory note with "Blumberg 2 Trust" in the principal amount of $480,500.00. The note was executed by John Allan Blumberg, as Trustee for the Blumberg 2 Trust.

After acquiring the loan, and following a foreclosure sale, Regions Bank filed suit against "The Blumberg Trust and John Allan Blumberg" (together, "Appellees"), seeking a judgment for the deficiency balance on the note, i.e., $193,963.50. On October 29,

2018, the trial court granted Regions Bank's motion for default judgment and entered judgment against "The Blumberg Trust and John Allan Blumberg" in the amount of $193,963.50 plus interest.

On or about July 1, 2019, Regions Bank assigned the judgment to Appellant Edgefield Holdings, LLC ("Edgefield"). On November 12, 2019, Edgefield filed a "Motion to Intervene for Substitution of Regions Bank and to Correct the Mislabeling of Party Defendant" in the Circuit Court for Washington County, Tennessee ("trial court"). By its motion, which was brought under Tennessee Rule of Civil Procedure 24, Enfield sought: (1) to be substituted for Regions Bank on the October 29, 2018 judgment; and (2) correction or substitution of the defendant on the judgment from "Blumberg Trust" to "Blumberg 2 Trust." Appellees filed a response in opposition to Edgefield's motion to intervene, arguing that "Edgefield's Motion purports to [. . .] apply a judgment obtained against one party – The Blumberg Trust – against a completely separate party – The Blumberg 2 Trust." By order of December 20, 2019, the trial court denied Edgefield's motion. Edgefield appeals.

## II. Issues

Edgefield raises one issue for review as stated in its brief:

Whether the Trial Court abused its discretion by not granting Edgefield Holdings, LLC's Motion to Intervene for Substitution of Regions Bank and to Correct the Mislabeling of Party Defendant to pursue its Judgment against the Appellees?

## III. Standard of Review

Appellant brought its motion "pursuant to Tenn. R. Civ. P. 24." As discussed in more detail below, Tennessee Rule of Civil Procedure 24 provides for two types of intervention, i.e., intervention by right (Tenn. R. Civ. P. 24.01) and intervention by permission (Tenn. R. Civ. P. 24.02). Appellant's motion does not clarify which of the two means of intervention it seeks. Our standard of review for the denial of intervention as of right is *de novo*, except for the timeliness of the application, which is reviewed under an abuse of discretion standard. *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The standard of review for the denial of permissive intervention is abuse of discretion. *Chaille v. Warren*, 635 S.W.2d 700, 703 (Tenn. Ct. App. 1982). A trial court abuses its discretion when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is, therefore, arbitrary, illogical, or unconscionable. *See Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996); *State v. Carter*, 890 S.W.2d 449, 454 (Tenn. Crim. App. 1994).

## IV. Analysis

Because it is unclear whether Edgefield sought intervention by right or by permission, we will briefly address the requirements for both types of intervention. Tennessee Rule of Civil Procedure 24 provides:

> 24.01. Intervention as of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

> 24.02. Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. R. Civ. P. 24.01; Tenn. R. Civ. P. 24.02. In *Brown & Williamson Tobacco Corp.*, the Tennessee Supreme Court explained an intervenor's burden under Rule 24.01, to-wit:

> A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. *Id.*

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 190-91 (Tenn. 2000).

Concerning permissive intervention under Tennessee Rule of Civil Procedure 24.02, a party seeking permissive intervention must show that there is a common question of law or fact between an intervenor's claims and the underlying action. Tenn. R. Civ. P. 24.02. Once "a common question of law or fact is established, the decision to allow intervention is a matter entrusted to the trial court's discretion, and the decision should not be reversed by an appellate court absent a showing of abuse of discretion." *Ballard v. Herzke*, 924 S.W.2d 652, 658 (Tenn. 1996). Generally,

- 3 -

permissive intervention is not proper when the intervenor seeks to raise new claims or issues against the existing parties. ***Brown & Williamson Tobacco Corp.***, 18 S.W.3d at 191.

Regardless of whether a party seeks intervention by right or by permission, a trial court must evaluate the movant's motion in relation to the underlying action and must address the potential effect of intervention on the original parties. Specifically, under Rule 24.01, a trial court must determine whether the "movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest . . . ." Tenn. R. Civ. P. 24.01. Under Rule 24.02, if a trial court determines there is a common question of law or fact, it must then decide "whether or not the intervention will unduly delay or prejudice the rights of the original parties." Tenn. R. Civ. P. 24.02.

Turning to the record, the trial court's order denying Edgefield's motion to intervene states:

> Came the Parties on the Motion to Intervene and Correct Mislabeling of Party Defendant of Edgefield Holdings, LLC. After consideration of the pleadings and arguments of counsel, the Motion is denied in its entirety. Enter pursuant to TRCP 58.

It is well-settled that a trial court speaks through its orders. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Here, the trial court's order says very little. In the first instance, the trial court does not clarify whether it is considering Appellant's motion as one for intervention as of right or by permission. Regardless, the order fails to analyze the Appellant's motion in relation to the underlying action and fails to address the potential effect of intervention on the original parties, questions that a trial court must address regardless of the means of intervention. In short, the order merely states the trial court's ultimate conclusion, i.e., denial of Edgefield's motion for intervention, but it does not indicate how the trial court arrived at its ultimate decision. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions," Tenn. R. Civ. P. 52.01, "[w]e are a reviewing court." ***Jackson v. Smith***, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011). As such, a trial court's order must contain enough information "to disclose . . . the steps by which the trial court reached its ultimate conclusion . . . ." ***In re Estate of Oakley***, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *11 (Tenn. Ct. App. Feb. 10, 2015) (quoting ***Lovlace v. Copley***, 418 S.W.3d 1, 35 (Tenn.2013)). Here, the trial court's order sets out its ultimate conclusion, but provides no information from which this Court can discern the trial court's reasoning. As such, we cannot make a determination as to whether the trial court's denial of Edgefield's Tennessee Rule of Civil Procedure 24 motion was proper. Accordingly, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order and remand for such further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed to the Appellant, Edgefield Holdings, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE