IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2015


**SUSAN MARIE JOYCE v. BRUCE CADE ELLARD**


**Appeal from the Chancery Court for Rutherford County**
**No. 13CV607     Robert E. Corlew, III, Judge**

---

**No. M2014-01550-COA-R3-CV – Filed May 26, 2015**

---

Wife appeals the trial court's division of property and award of transitional alimony in this divorce action. We affirm in part, vacate in part, and remand for further findings and proceedings, consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Chancery Court Affirmed in Part; Vacated in Part; and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Charles G. Ward, Murfreesboro, Tennessee, for the appellant, Susan Marie Joyce.

Gary D. Beasley, Murfreesboro, Tennessee, for the appellee, Bruce Cade Ellard.


**MEMORANDUM OPINION**[1]


        This appeal arises from a divorce action following a thirteen-year marriage. Plaintiff/Appellant Susan Marie Joyce ("Wife") and Defendant/Appellee Bruce Cade Ellard ("Husband") were married in February 2001. Wife was forty-eight years old at the

---

[1]This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

time of the marriage and Husband was forty-seven. It was the second marriage for both parties. Wife's first marriage ended with the death of her first husband, and Husband was divorced. No children were born of this marriage.

In April 2013, Wife filed a petition for legal separation in the Chancery Court for Rutherford County. In her petition, Wife alleged that Husband was guilty of inappropriate marital conduct. Husband answered and counter-complained for divorce on the grounds of irreconcilable differences and, following a hearing in June 2014, the trial court granted Wife a divorce on the stipulated grounds of inappropriate marital conduct. By order entered July 31, 2014, the trial court awarded Wife transitional alimony in the amount of $1,700 per month for four years. In its order, the trial court determined that the home in which the parties lived during the course of the marriage was Wife's separate property and that a line of credit in the amount of approximately $80,000 was owed on the home. Wife filed a timely notice of appeal to this Court.

## Issues Presented

Wife presents the following issues for our review:

1) Did the trial court abuse its discretion in ordering the Plaintiff/Wife solely responsible for the marital line of credit in the amount of $85,000 with monthly payments between $1,624.34 and $1,919.78?

2) Did the trial court abuse its discretion in awarding the Wife transitional alimony instead of alimony in futuro?

3) Did the trial court abuse its discretion in awarding the Wife merely $1,700 per month [in alimony]?

4) If this honorable Court determines that the trial court did not abuse its discretion in awarding transitional alimony, in the alternative, did the trial court abuse its discretion in awarding Wife transitional alimony for only four years at $1,700 per month[?]

## Division of Debt

We turn first to Wife's assertion that the trial court erred by assigning to Wife indebtedness in the amount of $85,000 under a line of credit secured by Wife's real property. It is undisputed that, at the time of the parties' marriage, Wife owned a parcel of real property in Murfreesboro that was unencumbered by debt. On appeal, the parties do not challenge the trial court's apparent classification of the real property as Wife's

2

separate property, and Husband does not appeal the award of the real property to Wife.[2] Rather, Wife asserts that the trial court erred by assigning amounts owed under a line of credit secured by the property to her because the debt was incurred during the course of the marriage and was marital debt, and because she has $42,532 less in total financial assets than she did prior to the parties' marriage. Wife asserts that, when the parties married, Husband was employed only part-time while she was employed full-time; that Husband earned his Bachelor's degree, pilot's license, and instrument license during the course of the marriage; that she paid all the parties' expenses during the first year of the parties' marriage; that the line of credit was incurred to pay for repairs to the house, Husband's debt, gifts to Husband's children, and "just other general debts incurred while [Husband] was working part time attending school full time." She asserts that the trial court did not classify the debt as either marital or separate and that, because the line of credit was accumulated during the course of the marriage and for the mutual benefit of the parties, it must be classified as marital debt.

Husband, on the other hand, asserts that Wife expressly intended that the parties keep their assets and finances separate. He asserts that he obtained his Bachelor's degree less than one year after the parties married; that he began working full-time in February 2002; that he paid his bills and expenses while he was a student; and that, after February 2002, he paid Wife $800 per month toward payment of the parties' joint household expenses, while Wife contributed $400 per month toward those expenses. Husband further asserts that the line of credit was obtained in 2003 or 2004; that Wife testified that it was to be used for renovations to the home; and that Wife paid off her car note and purchased personal property that she retained after the parties separated. Husband also asserts that Wife's home is titled in her name and the names of her two sons and that the line of credit is secured by Wife's home and is in the name of Wife and her sons.

In a divorce action, the trial court must first identify all the parties' property and classify it as either marital or separate. *E.g., Beyer v. Beyer*, 428 S.W.3d 59, 80 (Tenn. Ct. App. 2013) (citations omitted). The classification of property as marital or separate is a factual determination. *Id.* The valuation of property likewise is a question of fact. *Id.* After the trial court has classified and valued the parties' property, it must divide the marital estate equitably in light of all the circumstances, including the factors enumerated in the Tennessee Code. Tennessee Code Annotated § 36-4-121(c) (2014); *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988).[3] Trial courts, moreover, are

---

[2]The trial court made no specific finding with respect to the classification of the real property but stated in its final order, "I think [it] was separate property."

[3]Tennessee Code Annotated § 36-4-121(c) provides:

In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

afforded "'wide latitude in fashioning an equitable division of marital property.'" *Beyer*, 428 S.W.3d at 80 (quoting *Altman v. Altman*, 181 S.W.3d 676, 683 (Tenn. Ct. App. 2005)). An equitable division of marital property is not necessarily a precisely equal division of marital assets, but one that is fair in light of the circumstances. *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002). We review the trial court's decisions regarding classification, valuation, and division of property *de novo* on the record with a presumption of correctness. *Beyer*, 428 S.W.3d at 80 (citation omitted). We will affirm the trial court's determinations unless the evidence preponderates otherwise. *Id.* (citation omitted).

Upon review of the record in this case, we observe that, as the parties acknowledge in their briefs, the trial court made no finding with respect to whether the amount due under the line of credit was Wife's separate debt or marital debt. The trial court appeared to determine that the home in which the parties lived during the course of the marriage was Wife's separate property. The court stated, in the context of fashioning an award of alimony:

_____

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(B) For purposes of this subdivision (c)(5), dissipation of assets means wasteful expenditures which reduce the marital property available for equitable distributions and which are made for a purpose contrary to the marriage either before or after a complaint for divorce or legal separation has been filed.

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

4

> The Court considers in making this award that at the time of the marriage the Wife had a home, which I think was separate property, which was paid for, but in bad repair.
>
> [T]he Wife has the same home with approximately an $80,000 dollar line of credit or matured line of credit owned (sic) on the residence, but with some updating. Whether it has been repaired, whether the parties wisely used the dollars certainly can be debated.

We additionally observe that Husband disputed that the Murfreesboro home was Wife's separate property and asserted in his answer that "the parties own" the real property. Further, we observe that, although the trial court stated that it "approved" the proposed property division submitted by Husband, it did not incorporate that proposal into its order. We also observe that the property division proposed by Husband awarded Husband equity in the home in the amount of $4,224; did not list the debt owed under the line of credit; did not include the parties' personal property; and did not include the residence purchased by Husband in February 2013, after he moved out of the Murfreesboro residence. In his brief to this Court, however, Husband asserts that the trial court allocated $230,849.25 of debt to Husband and $101,490.89 to Wife; Husband's debt arises largely from his purchase of a home in February 2013. Finally, we observe that the parties assign significantly different values to the property awarded and debt assigned by the trial court. Wife asserts that the trial court awarded her separate property valued at $25,466.81 and marital property valued at $53,971.81, and assigned her total debt in the amount of $101,957.70. Husband asserts the trial court awarded Wife separate property valued at $43,068.43 and marital property valued at $138,505.00, and assigned her debt in the amount of $101,490.89.

The principle that a court speaks through its written orders and decrees is well-settled. *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977) (perm app. denied Feb. 27, 1978). In this case, the trial court did not classify the parties' real or personal property or debt in its order; it made no findings with respect to the value of their property or the amount of their liabilities; it did not make findings with respect to the factors contained in Tennessee Code Annotated § 36-4-121. We accordingly remand this matter to the trial court for further findings, in accordance with Tennessee Rules of Civil Procedure 52.01, with respect to the classification and value of the parties' property and liabilities. On remand, the trial court may amend its property award and allocation of debt in light of its findings, if necessary.

## Alimony

It is well-settled that an alimony award depends on the circumstances of each case, and that the financial need of the recipient spouse and the obligor spouse's ability to pay

are the primary considerations.  *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001).  When determining what type and the amount of alimony to be awarded, the trial court must balance numerous considerations, including the statutory factors enumerated in Tennessee Code Annotated § 36–5–121(i).[4]  After the trial court considers all the factors, including the division of property, the type and amount of alimony to be awarded remain largely within its sound discretion.  *Id*. at 470.  On appeal, we will not alter a trial court's award of alimony absent an abuse of discretion.  *Id*.

---

[4]Section 36–5–121(i) provides:

In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36–4–121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

We begin our analysis regarding alimony in this case by noting that, in addition to failing to make findings with respect to the value of the parties' property or debt, the trial court made no findings with respect to the parties' income or expenses. The trial court merely stated in its July 2014 order:

> The Court thinks given the circumstances that have been presented probably in fairness, transitional spousal support is appropriate in the amount of Seventeen Hundred Dollars and No Cents ($1,700.00) per month for four (4) years.

The trial court's order does not state whether it considered the statutory factors set-forth in Tennessee Code Annotated § 36-5-121(i), nor does it make findings with respect to the statutory factors. Further, although the trial court stated that Wife needed alimony and that Husband had the ability to pay, it made no factual findings to support either Wife's need or Husband's ability to pay.

When determining whether an award of alimony is appropriate and, if so, the amount of alimony to be awarded, the trial court must consider, *inter alia*, the separate assets of each party and the division of the marital property and debt. Tenn. Code Ann. § 36-5-121(i)(7) & (8). As in the recent case of *Babcock v Babcock*, because the determinations of the trial court with respect to the divisions of property "are subject to change on remand, any change the trial court makes on this issue could have a significant effect on the issue of alimony." *Babcock v. Babcock*, No. E2014–01670–COA–R3–CV, No. E2014–01672–COA–R3–CV, 2015 WL 1059003, at *8 (Tenn. Ct. App. Mar. 9, 2015) (citing *see* Tenn. Code Ann. § 36-5-121(i)).

Tennessee Rule of Civil Procedure 52.01 requires the trial court to make factual findings to support its award of alimony. The trial court did not make the factual findings required by the Rule. Additionally, we must remand this matter to the trial court for further findings with respect to the classification and valuation of the parties' property and significant debt and, if appropriate in light of those findings, to reconsider its decision concerning an equitable division of property and debt. We accordingly decline to address the trial court's alimony award at this juncture, where the trial court may find it necessary to amend the award in light of its findings and equitable property/debt division. *See id*. (citing *see Franks v. Franks*, No. W2014–00429–COA–R3–CV, 2015 WL 58913, at *18 (Tenn. Ct. App. Jan. 2, 2015) (declining to address the issue of alimony in light of insufficient findings concerning the valuation of the parties' property)).

## Holding

We affirm the trial court's July 11, 2014, judgment to the extent that it awards Wife a divorce on the grounds of inappropriate marital conduct. The trial court's

judgment as to the equitable division of the parties' property and debt, and the awarding of alimony is vacated, and this matter is remanded to the trial court for further findings as required by Tennessee Rule of Civil Procedure 52.01. Upon remand, the trial court is instructed to classify and value the parties' property and debt, and to fashion an equitable property division after considering the statutory factors contained in Tennessee Code Annotated § 36-4-121. The trial court is further instructed to make findings with respect to the statutory factors contained in Tennessee Code Annotated § 36-5-121 to support its award of alimony. Accordingly, any assets or debt acquired after July 11, 2014, may not be considered as marital property or debt upon remand. Any proceedings that may be necessary on remand are limited to those that are consistent with this Opinion. Costs on appeal are taxed one-half to the Appellee, Bruce Cade Ellard, and one-half to the Appellant, Susan Marie Joyce, and her surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE