

FILED

May 22, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:38 P.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Linda Green | ) | Docket No.  2016-04-0085 |
| | ) | |
| v. | ) | |
| | ) | State File No.  99072-2015 |
| Rogers Group, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Remanded – Filed May 22, 2017

---

In this second interlocutory appeal in this case, the employer argues that the trial court erred in awarding temporary disability benefits to the employee because, among other reasons, an authorized physician had not addressed the existence or duration of any such temporary disability.  In response, the employee asserts that the employer's interlocutory appeal was taken solely for delay and moved for an award of attorney's fees.  We affirm the trial court's order, deny the employee's motion for attorney's fees, and remand the case to the trial court for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Heather Douglas, Nashville, Tennessee, for the employer-appellant, Rogers Group

Zachary Wiley, Nashville, Tennessee, for the employee-appellee, Linda Green

### Factual and Procedural Background

On December 11, 2015, Linda Green ("Employee") fell approximately eight feet from a catwalk while working within the course and scope of her employment with Rogers Group, Inc. ("Employer").  During her initial medical treatment, a urine sample was collected for drug testing.  The drug screening results were unclear and led to the

issuance of the trial court's first interlocutory order, the first interlocutory appeal, and our vacating the order and remanding the case. Thereafter, the trial court was presented with additional evidence concerning the correct interpretation of the drug screening results and issued a second interlocutory order compelling Employer to pay certain medical benefits. This order also included the following language:

> Issues regarding payment of medical expenses incurred subsequent to [Employee's] initial discharge from Skyline Hospital on December 13, 2015, and temporary disability benefits are deferred until an authorized treating physician addresses them.

This order was not appealed. Thereafter, Employee filed a "motion to consider additional evidence," which the trial court denied, and another request for expedited hearing. In the meantime, Employer provided Employee a panel of physicians in compliance with the second interlocutory order. Employee had not yet seen an authorized physician at the time the trial court issued its third expedited hearing order awarding temporary disability benefits. Employer has appealed this third order.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

It is well-settled in Tennessee that a trial court speaks through its written orders. *Potts v. Conatser*, No. M2015-02351-COA-R3-JV, 2017 Tenn. App. LEXIS 44, at *7 (Tenn. Ct. App. Jan. 26, 2017); *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). However, it is equally well-settled that an interlocutory order is an interim

2

decision subject to revision by a trial court at any time prior to the issuance of a final order. *Strickland v. Chattanooga Bakery, Inc.*, No. 03A01-9204-CV-00130, 1992 Tenn. App. LEXIS 714, at *3 (Tenn. Ct. App. Aug. 19, 1992) ("[T]he trial court had the power up until the time of entry of a final order to revise the interlocutory order in any manner."); *see also* Tenn. R. Civ. P. 54.02 ("[A]ny order . . . that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.").

In the present case, Employer's first argument is that the trial court erred in awarding temporary disability benefits in response to Employee's most recent request for expedited hearing because, in its second expedited hearing order, the trial court "deferred" the issue of Employee's entitlement to temporary disability benefits and certain medical benefits until after Employee had been evaluated by a panel physician. We disagree.

A "request for expedited hearing" is defined as "a request . . . to conduct an expedited hearing and issue an interlocutory order for temporary disability and/or medical benefits." Tenn. Comp. R. & Regs. 0800-02-21-.02(19) (2016). Moreover, "[e]ither party may file a request for expedited hearing with the clerk at any time after a dispute certification notice has been filed." *Id.* The authority to conduct such a hearing is derived from Tennessee Code Annotated section 50-6-239(d)(1) (2016), which authorizes a trial court to "hear disputes over issues . . . concerning the provision of temporary disability or medical benefits on an expedited basis." Nothing in the statute or the regulations limits a party to filing only one request for expedited hearing, and nothing prohibits a trial judge from considering whatever evidence is properly presented to the trial court in the context of a particular request for hearing or motion. *See* Tenn. Code Ann. § 50-6-239(d)(3) ("unless a subsequent order to modify an interlocutory order . . . is issued by the workers' compensation judge presiding over the claim, the interlocutory order shall remain in effect pending conclusion of the matter").

Following the issuance of the trial court's second expedited hearing order, Employee chose to file another request for expedited hearing and included additional documentation, including an affidavit of Employee, additional medical records from Skyline Medical Center, and a letter from Dr. Richard Rutherford addressing Employee's work status and the duration of her temporary disability. Employer did not object to Employee's request for another expedited hearing, her request that the trial court make a determination on the record, or the trial court's consideration of the additional documentation submitted by Employee as evidence. Employer waived any such objections by not presenting them to the trial court. *See Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000) (in most instances an issue raised for the first time on appeal will be deemed waived); *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991) (issues not presented to and decided by the trial court will not be considered

3

by appellate courts). *See also* Appeals Board Prac. & Proc. § 5.5 ("Issues or arguments not raised in the Court of Workers' Compensation Claims will be deemed waived on appeal."). Furthermore, the fact that the trial court has previously commented in a prior order that an issue was "deferred" pending some subsequent event does not legally restrict the trial court from conducting a subsequent expedited hearing in conformance with applicable statutes and regulations. *See, e.g.*, *Blackburn v. Blackburn*, 270 S.W.3d 42, 55-56 (Tenn. 2008) (trial court has inherent authority to enter orders to "amend or rectify the record"); *Weatherspoon v. Minard*, No W2015-01099-COA-R3-CV, 2015 Tenn. App. LEXIS 965, at *11 (Tenn. Ct. App. Dec. 14, 2015) ("[I]t is well-settled that Tennessee courts are afforded broad inherent authority over their court proceedings."). Thus, we find no merit in Employer's first argument.

Employer next argues that "[i]f the treatment provided by Dr. Rutherford . . . has not been established as related to the work injury, then the Court cannot use this doctor's note to grant temporary total disability benefits to the Employee." Again, we disagree. Whether a particular physician's medical treatment is reasonable, necessary, and causally related to an alleged work injury is a separate and distinct question from whether an employee qualifies for temporary disability benefits. A physician's opinion that an injured worker was incapable of returning to work for some specific period of time following a work injury can support a claim for temporary disability benefits regardless of whether that physician's medical treatment is deemed to be reasonable, necessary, and causally related to the work injury. It is for the trial court to determine the relative weight to be given to expert proof, and we will not disturb that finding absent an abuse of discretion. *Darraj v. McKee Foods Corp.*, No. 2015-01-0339, 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *9 (Tenn. Workers' Comp. App. Bd. Jan. 17, 2017). We find no such abuse of discretion here.

Employer's third argument is that in the event it is ordered to provide temporary disability benefits in an interlocutory order, it has no remedy if the trial court later determines that Employee was not entitled to the benefits. While it is true that the 2013 Workers' Compensation Reform Act removed the provisions which authorized reimbursement of ordered benefits from the Second Injury Fund (now called the Subsequent Injury and Vocational Recovery Fund), nothing in the current statutes prevents Employer from seeking reimbursement from Employee in the event the trial court later reverses its ruling on her entitlement to temporary disability benefits. Thus, we find this argument to be without merit.

Next, Employer argues that Employee failed to "follow proper court procedure" when she elected not to appeal the trial court's second interlocutory order and instead filed a new request for expedited hearing. However, as we noted previously, nothing in the statutes or regulations limits any party to filing a single request for expedited hearing. Similarly, nothing mandates that a party appeal an interlocutory order prior to filing a subsequent request for expedited hearing. As discussed above, Employee chose to file a

4

new request and submit additional evidence to be considered by the trial court. We see no error in the trial court's entertaining that subsequent request for expedited hearing. The trial court issued a new docketing notice and outlined what it intended to consider as evidence. Employer did not object to the submitted evidence and did not object to the trial court's making a determination on the record without conducting an evidentiary hearing. *See* Tenn. Code Ann. § 50-6-239(d)(2) ("A workers' compensation judge is not required to hold a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits."). Therefore, we find no merit in this argument.

Finally, Employer argues that Employee waived her right to file a subsequent request for expedited hearing when she purportedly failed to select a treating physician from the panel. In response, Employee disputes that she "failed or refused to return a panel of physicians" and argues that the panel was statutorily defective. Regardless of whether either position is correct, Employer has cited no relevant case law, statute, or regulation that supports its argument and we are aware of none.

Before concluding, we note that Employee has included in her responsive brief a motion for attorney's fees. Employee argues that the sole purpose of Employer's appeal was "the continued delay of this case." Employer contests this characterization and notes that its appeal is not frivolous for numerous reasons, including the language in the trial court's previous order that Employer believes conflicted with its most recent order. After careful review of the record, we find the appeal was not taken solely for delay and exercise our discretion not to award attorney's fees under these circumstances.

## Conclusion

We affirm the decision of the trial court in all respects, deny Employee's motion for attorney's fees, and remand this case to the trial court for any further proceedings that may be necessary.

5



**FILED**

**May 22, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:38 P.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Linda Green | ) | Docket No. 2016-04-0085 |
| | ) | |
| v. | ) | State File No. 99072-2015 |
| | ) | |
| Rogers Group, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Zachary Wiley** | | | | | X | zwiley@forthepeople.com |
| **Heather Douglas** | | | | | X | hdouglas@manierherod.com |
| **Robert V. Durham, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov