IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 28, 2022 Session

## THE VILLAGES OF COOL SPRINGS HOMEOWNERS ASSOCIATION INC. v. WILLIAM GOETZ

**Appeal from the Circuit Court for Shelby County**
**No. CT-003832-18  Gina C. Higgins, Judge**

_____

### No. W2021-00556-COA-R3-CV

_____

In this dispute between Appellant, homeowner, and Appellee, homeowners' association, the trial court granted Appellee's motion for summary judgment. Appellant's property is bound by a declaration of covenants, conditions, and restrictions. Appellant painted his home's trim without first seeking approval from the homeowners' association in violation of the declaration. Appellant failed to meet his burden of proof to show a dispute of material fact regarding his affirmative defenses. As such, the trial court did not err in granting the Appellee's motion for summary judgment, nor in awarding attorney's fees to Appellee under the declaration. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and J. STEVEN STAFFORD, P.J., W.S., joined.

Paul J. Krog, Brentwood, Tennessee, for the appellant, William Goetz.

Peter D. Baskind, Memphis, Tennessee, for the appellee, The Villages of Cool Springs Homeowners Association, Inc.

## OPINION

### I. Background

Appellant William Goetz owns a home in the Villages of Cool Springs. His property is bound by the Villages of Cool Springs Declaration of Covenants, Conditions, and

Restrictions (the "Declaration"), which was recorded in the Shelby County Register's Office. Relevant to this appeal is Article IV, Section I of the Declaration, which provides, in relevant part:

> No improvement or change to any existing improvement of any type shall be made on any portion of any Property . . . until the exterior plans, specifications and location for proposed improvements have been approved in writing by the Architectural Control Committee or appointed representative, hereinafter referred to as "ACC" . . . .

> If the exterior of the improvements shall be altered. . . other than with plans and specifications submitted [] herein, such alterations . . . shall be undertaken in violation of the restriction approval required herein, and upon written [notice] such improvement so altered, erected, made, placed on such Property in violation hereof shall be removed [] by the owner or Member responsible . . . . If, within fifteen (15) days after the notice of such violation, the Owner or Member responsible . . . shall not have taken reasonable steps to correct this violation, then the ACC shall have the right, through its agents or employees, to (1) enter upon the Property and take such steps as may be necessary to extinguish such violation . . . .

It is undisputed that Mr. Goetz painted the trim on his home without first seeking the approval of Appellee The Villages of Cool Springs Homeowners' Association ("HOA") as required in Article IV, Section I of the Declaration, *supra*. The HOA attempted to resolve the issue with Mr. Goetz, and Mr. Goetz agreed to submit the matter to architect, Antonio Bologna, who recommended changing the trim color. Although not reduced to writing, the parties allegedly reached a "Settlement Agreement," under which Mr. Goetz agreed to follow Mr. Bologna's recommendation to repaint. Mr. Goetz reneged on his agreement to repaint, and, on January 3, 2018, the HOA caused its attorney to issue a letter informing Mr. Goetz of his violation and reiterating his previous agreement to comply with Mr. Bologna's recommendation. The HOA's attorney sent a second letter on January 24, 2018. The HOA did not receive a response from Mr. Goetz.

On August 22, 2018, the HOA filed a complaint for breach of contract against Mr. Goetz. The complaint does not reference the alleged "Settlement Agreement"; rather, the HOA claimed that Mr. Goetz violated Article IV, Section I of the Declaration by painting the trim on his home without prior approval. Based on this alleged breach, the HOA sought an injunction either compelling Mr. Goetz to change the trim color, or allowing the HOA to enter the Goetz property to change the trim color. The HOA also sought its attorney's fees and expenses under Article VIII, Section 2 of the Declaration, which provides, in relevant part:

[T]he Association or any member shall have the right to enforce the covenants, conditions, restrictions, reservations, liens, charges, assessments, rules and regulations and easements (hereafter referred to as "obligations") now or hereafter imposed or adopted either by or under this Declaration by any proceeding at law or in equity, against any person or person violating or attempting to violate the obligations contained herein, to restrain violations, to require specific performance and/or to recover damages; and against the land to enforce any obligation now established or hereafter created under this Declaration. . . . Any and all costs and expenses of enforcing any obligations contained herein, including, but not limited to, repairs, replanting, rebuilding, maintenance, costs, reasonable attorneys' fees . . . shall be chargeable to the . . . Member owning or leasing the Property. . . .

On February 26, 2019, Mr. Goetz filed an answer to the complaint. Therein, Mr. Goetz admitted that: (1) he "made certain alterations to the Property without first obtaining permission from the Architectural Control Committee (the "ACC")"; (2) he "changed the paint color of the trim without permission from the ACC"; and (3) "[a]ltering the exterior of the Property without permission from the ACC is a violation of the Declaration." Nonetheless, Mr. Goetz asserted that the HOA should be "estopped" from enforcing the Declaration against him because it had engaged in "selective enforcement" of the Declaration by allowing "other like homeowners [to make] similar changes without consulting with the ACC." On March 1, 2019, the HOA filed a Tennessee Rule of Civil Procedure 12.03 motion for judgment on the pleadings.[1] By order of June 21, 2019, the trial court denied the HOA's Rule 12.03 motion on its finding that "it appears that the Court must make factual findings in order to resolve the matters that are in controversy and the Plaintiff's Motion[] should[,] therefore, be denied."

Following discovery and failed attempts at mediation, on March 9, 2020, the HOA filed a motion to enforce the Settlement Agreement. Despite the undisputed fact that Mr. Goetz failed to change his trim color in compliance with Mr. Bologna's recommendation as contemplated in the Settlement Agreement, Mr. Goetz opposed the HOA's motion to enforce same. On April 2, 2020, Mr. Goetz filed a motion for summary judgment. Therein, Mr. Goetz relied on the Settlement Agreement and argued that the HOA's lawsuit based on breach of the Declaration was unnecessary and brought as a form of harassment, to-wit:

---

[1] Tennessee Rule of Civil Procedure 12.03 provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Plaintiff and Defendant entered into a settlement agreement that is binding on both parties prior to Plaintiff filing this lawsuit. Plaintiff, however, filed this lawsuit based on the dispute subject to the binding settlement agreement, despite the resolution reached by the parties. Plaintiff seeks to hold Defendant liable for breaching the home owner association's Declaration of Covenants, Conditions, and Restrictions that has been resolved by a prior settlement agreement . . . . Due to the existence of the settlement agreement, no genuine dispute exists for Plaintiff's cause of action.

(footnote and emphasis omitted).

On April 24, 2020, the HOA filed a cross-motion for summary judgment (a renewal of its previous Tenn. R. Civ. P. 12.03 motion), wherein it explained the fallacy in Mr. Goetz' Settlement-Agreement argument and renewed its contention that there was no dispute that Mr. Goetz violated the Declaration. Specifically, the HOA's motion states:

2. The Declaration obligates owners to follow certain covenants. Among those covenants is a restriction against making architectural changes without seeking and receiving written permission from the Association. It is undisputed that Mr. Goetz changed the paint color of his home's trim without seeking or obtaining approval from the Association. Indeed, Mr. Goetz has specifically admitted these facts.
3. It is undisputed that making changes, such as a change to trim color, is a breach of the Declaration. Mr. Goetz admits that his home remains in violation of the Declaration.

***

6. In a recently-filed motion for summary judgment, Mr. Goetz now argues that, sometime in early 2018, he agreed to submit this matter to Mr. Bologna. According to Mr. Goetz, Mr. Bologna's recommendations would be binding upon the Association and Mr. Goetz.
7. As Mr. Goetz now states under penalty of perjury, Mr. Bologna recommended repainting the trim on the Goetz house. Over two years have passed since Mr. Bologna submitted his Report. The Goetz house has not been repainted.
8. Despite Mr. Goetz' admission that he agreed to follow Mr. Bologna's recommendations, Mr. Goetz has testified that he "won't follow it." This amounts to breach and/or repudiation of the proffered Settlement Agreement.

***

10. Mr. Goetz' breach of the proffered Settlement Agreement relieves the

Association of any obligations to perform under that Agreement. The Association is, therefore, free to enforce the Declaration in any way it deems necessary.

11. Mr. Goetz' new position that he agreed to abide by Mr. Bologna's recommendations and that those recommendations would be "binding" removes Mr. Goetz' defense that the Association has in any way been arbitrary or capricious in its dealings with Mr. Goetz.

12. Since Mr. Goetz no longer has a cognizable defense, the Association is entitled to judgment as a matter of law.

13. The Association is entitled to an injunction requiring Mr. Goetz to bring his home into compliance with the Declaration. The Association is also entitled to is reasonable attorneys' fees and expenses arising from this enforcement action.

The foregoing statement clearly indicates that the HOA is not seeking enforcement of the Settlement Agreement. Rather, the HOA is seeking enforcement of the Declaration. In fact, the HOA avers that the Settlement Agreement is a nullity based on Mr. Goetz' breach of same. On May 18, 2020, Mr. Goetz filed a response in opposition to the HOA's motion for summary judgment. Therein, he again admits that he painted his home's trim without first seeking the HOA's permission; however, he reiterates the estoppel argument raised in his initial answer.

By order of September 3, 2020, the trial court granted the HOA's motion for summary judgment and issued an injunction requiring Mr. Goetz to obtain ACC approval of paint color and to repaint his home's trim. The trial court specifically denied Mr. Goetz' motion for summary judgment and set the issue of attorney's fees for separate hearing on November 16, 2020. By order of April 20, 2021, the trial court awarded the HOA attorney's fees in the amount of $75,921.48. Mr. Goetz filed a timely notice of appeal on May 19, 2021.

## II. Issues

Mr. Goetz raises the following issues for review as stated in his brief:

1. The Plaintiff obtained summary judgment enforcing an oral settlement agreement between the parties. The settlement agreement had no term concerning attorney's fees. Did the trial court err by nevertheless awarding the Plaintiff attorney's fees?

2. The suit arose initially out of enforcement of a restrictive covenant. The record contained facts suggesting waiver or selective enforcement of the covenant, and the trial court made no ruling concerning undisputed facts on these points. If the trial court court's judgment were based on the covenant, rather than the settlement agreement, did the trial court err by entering it?

- 5 -

3. Rule 65.02(1) requires that injunctions be "specific in terms" and describe their instructions with "reasonable detail, and not by reference to … [an]other document." The mandatory injunction entered below directs Defendant "to repaint his home into [sic] a color approved by the" Plaintiff, without specifying any compliant color. Must the injunction be vacated for noncompliance with Rule 65.02(1)?

## III. Standard of Review

This case was adjudicated on grant of Appellee's motion for summary judgment. Summary judgment "is appropriate when no genuine issues of material fact exist, and the movant meets its burden of proving that it is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *Bryant v. Bryant*, 522 S.W.3d 392, 399 (Tenn. 2017). To prevail on a motion for summary judgment, the moving party must either "(1) [s]ubmit[ ] affirmative evidence that negates an essential element of the nonmoving party's claim or (2) [d]emonstrate[ ] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101. If the moving party meets this burden, the burden of production then shifts to the nonmoving party, who must, if he or she is to survive summary judgment, "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Because the decision to grant a summary judgment motion is question of law, summary judgments enjoy no presumption of correctness on appeal. *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019). Accordingly, we must make a fresh determination that the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye*, 477 S.W.3d at 250. We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Perkins v. Metro. Gov't of Nashville*, 380 S.W.3d 73, 80 (Tenn. 2012).

## IV. Analysis

The parties dispute the basis of the trial court's ruling. Mr. Goetz maintains that, in granting the HOA's motion for summary judgment, the trial court held that he violated the Settlement Agreement. The HOA maintains that the trial court granted its motion for summary judgment on its finding that Mr. Goetz breached the Declaration. The distinction is important only to the question of whether the HOA is entitled to recoupment of its attorney's fees. If the trial court held that Mr. Goetz breached the Declaration, then the HOA is clearly entitled to its fees and costs under Article VIII, Section 2 of the Declaration, *supra*. However, it is undisputed that the Settlement Agreement did not provide for the payment of attorney's fees. As such, if the trial court's grant of the HOA's motion for summary judgment was based on Mr. Goetz' breach of the Settlement Agreement (as opposed to his breach of the Declaration), then the HOA is not entitled to its fees and costs.

A trial court speaks through its orders. *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1997). Here, the trial court's order granting the HOA's motion for summary judgment states, in relevant part:

> The Court finds that it is admitted that Mr. Goetz painted the trim on his home or allowed it to be painted. The Court finds that Mr. Goetz did not have permission to do so in accordance with the Association's Declaration Agreement, the Villages of Cool Springs Declaration of Covenants, Conditions, and Restrictions (the "Declaration"). The Court notes that the question is whether the act of painting the trim on the house violates the Declaration, and, if so, whether the Association's action to declare that there was a breach of the Declaration and to bring a lawsuit was reasonable, i.e , was it in bad faith or was it arbitrary, capricious, or just unreasonable under the facts.
>
> The Court must also decide under enforcement of the Declaration to what extent the Association would be entitled to attorneys' fees . . . .

The trial court frames the dispositive issues as: (1) whether Mr. Goetz violated the Declaration; (2) if so, whether the HOA's decision to enforce the Declaration against Mr. Goetz was arbitrary, capricious, or unreasonable; and (3) if the HOA decision to enforce the Declaration against Mr. Goetz was reasonable, then to what extent the HOA is entitled to recoupment of its attorney fees under the Declaration.

Although, in his first appellate issue, Mr. Goetz argues that the trial court's ruling was based on a breach of the Settlement Agreement, based on its framing of the issues, it is clear to this Court that the trial court was primarily addressing a breach of the Declaration and not the Settlement Agreement. Furthermore, as discussed above, the basis for Mr. Goetz' motion for summary judgment involved only the Settlement Agreement, i.e., he argued that the existence of the Settlement Agreement negates the need for the HOA's lawsuit. On the other hand, the basis for the HOA's motion for summary judgment is breach of the Declaration, and it only discusses the Settlement Agreement in response to Mr. Goetz' reliance on it in his motion for summary judgment. Thus, the fact that the trial court granted the HOA's motion for summary judgment and denied Mr. Goetz' motion for summary judgment supports our determination that the basis of the trial court's decision was that Mr. Goetz violated the Declaration. Moreover, the trial court's order refers to the Settlement Agreement as "[o]ne of [the] defenses" in the case, and later specifies that, "Mr. Goetz raises the Settlement Agreement as a defense." Mr. Goetz does not dispute this classification of the Settlement Agreement as one of his defenses against the lawsuit, and, indeed, the trial court's classification is correct. As discussed in detail above, Mr. Goetz' motion for summary judgment focuses solely on the existence of the Settlement Agreement as a bar to the lawsuit. As such, the trial court's ruling that Mr. Goetz, in fact, breached the Settlement Agreement merely evidences the trial court's rejection of Mr. Goetz' defense to the HOA's lawsuit for breach of the Declaration. In other words, because Mr.

Goetz undisputedly breached the Settlement Agreement, he cannot rely on the Settlement Agreement to defend against the lawsuit.

It is undisputed that Mr. Goetz failed to procure approval for his paint color prior to painting. He readily admits this fact in his answer to the complaint and in his response to the HOA's motion for summary judgment. Furthermore, Mr. Goetz admits that he failed to comply with the terms of the Settlement Agreement, under which he agreed to follow Mr. Bologna's recommendation to repaint. We have previously discussed the fact that Mr. Goetz' breach of the Settlement Agreement negates his reliance on that agreement in defense of the lawsuit; as such, the trial court's denial of his motion for summary judgment was correct.

As to the HOA's motion for summary judgment, again, there is no dispute that Mr. Goetz breached Article IV, Section 1 of the Declaration by failing to get approval prior to painting. Nonetheless, Mr. Goetz asserts that the HOA should be estopped from enforcing the Declaration against him because it allegedly did not enforce the Declaration against similarly situated homeowners. As set out in his answer, Mr. Goetz asserts that:

> 12. The allegations of paragraph 12 of the complaint are admitted. However, for the reasons stated above, the plaintiff should be estopped from enforcing this provision of the Declaration.
> 13. The allegations of paragraph 13 of the Complaint are admitted, however, it would be shown that there are no damages for which the plaintiff has a right to complain.
>
> ***
>
> 27. The defendant asserts that the plaintiff comes before this Court with "Unclean Hands". The actions of the plaintiff should bar recovery in this action. The plaintiff's wrongful conduct in its application of the Declaration and ignoring other violations should preclude it from seeking relief and the claim should be dismissed.
> 28. The defendant further asserts that the plaintiff has engaged in Selective Enforcement of the Declarations. These actions are a complete bar to the enforcement of the Declarations against the defendant. Further the plaintiff is being arbitrary and capricious in attempting to find the plaintiff in violation of the Declaration and therefore it should be barred from recovery.
> 29. The defendant asserts Estoppel and states that the plaintiff is barred from recovery due to the fact that the plaintiff has either waived or ignored other circumstances in regards to other homeowners that are similar to the acts complained of herein.
> 30. The plaintiff's principle complaint is that he painted the trim of his home a color that allegedly is non-forming with the community. However, there

are many examples of homes within the community that are painted similarly as the defendant's home and therefore, the defendant's home conforms to the exteriors of the homes within the community.

31. The plaintiffs do not enforce the Declaration with any consistency with regard to assuring that there is uniformity with regard to the exterior of homes. As an example, there is fencing within the community that is not uniform. There are exteriors of homes that have contrasting colors in degrees much greater than the defendant's home.

In his responses to the HOA's statement of undisputed material facts, Mr. Goetz reiterates his estoppel argument by reference to the averments made in his answer, to-wit:

4. Mr. Goetz changed the paint color of the trim of his home without permission from the Association's Architectural Control Committee ("ACC"). (Plaintiff's Verified Complaint for Injunctive Relief and Damages ¶ 12. **RESPONSE: Undisputed that Mr. Goetz did not seek approval _prior_ to painting the trim, however, Mr. Goetz would indicate his Answer also includes the statement related to ¶ 12 and the reasons stated in the Answer, that the Plaintiff is estopped from enforcing the Declaration. _See_ Answer ¶ 12**. Mr. Goetz admits that the changes were not approved and are a violation of the Declaration. (Goetz p. 52, l. 21- p. 53, l. 8; Plaintiff's Verified Complaint for Injunctive Relief and Damages at ¶ 13). **RESPONSE: Undisputed that Mr. Goetz testified he did not seek permission _prior_ to painting, that this violated the Declaration, but that there are other violations that, upon information and belief, are not enforced.**

(Footnote omitted; emphases in original).

In **_Rye v. Women's Care Ctr. of Memphis, MPLLC_**, the Tennessee Supreme Court explained that

"when a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, **the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial."** Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06.

477 S.W.3d at 264-65 (emphasis added). In other words, when a motion for summary judgment is made and supported as provided in Tennessee Rule of Civil Procedure 56, in order to survive summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. *Id.* at 265. Here, it is undisputed that Mr. Goetz breached the Declaration. This is a fact that he readily admits. In the absence of the Settlement Agreement defense, Mr. Goetz' only avenue to survive the HOA's motion for summary judgment is to "set forth specific facts . . . showing that there is a genuine issue for trial." In his brief, Mr. Goetz argues that he has met this burden on the question of estoppel. We disagree. As set out in context above, in his answer, Mr. Goetz vaguely asserts that the HOA: (1) "should be estopped from enforcing this provision of the Declaration"; (2) "has engaged in Selective Enforcement of the Declaration[]"; (3) does "not enforce the Declaration[] with any consistency with regard to assuring that there is uniformity with regard to the exterior of homes." These statements and conclusions are not evidence. Although Mr. Goetz maintains that "there are many examples of homes within the community that are painted similarly as [the Goetz'] home and therefore, the [Goetz'] home conforms to the exteriors of the homes within the community," he does not provide specific examples or proof to support his allegations. The only "examples" cited by Mr. Goetz are: (1) "fencing within the community that is not uniform"; and (2) "exteriors of homes that have contrasting colors in degrees much greater than the [Goetz'] home." These "examples" are simply not sufficiently specific to create a genuine dispute of material fact concerning the question of whether the HOA engaged in "selective enforcement" of the Declaration. Tenn. R. Civ. P. 56.06. Mr. Goetz tendered no addresses, photographs, or affidavits from other homeowners to support his contention that the HOA engaged in disparate treatment by failing to enforce the Declaration against other homeowners. "[S]ummary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." Tenn. R. Civ. P. 56.04, 56.06. Having failing to meet his burden of proof to show that there is a dispute of material fact concerning his estoppel defense, and in view of the undisputed fact that Mr. Goetz breached the Declaration, the trial court did not err in granting the HOA's motion for summary judgment.

Having determined that Mr. Goetz breached the Declaration and that such breach was the basis of the trial court's decision to enter judgment in favor of the HOA, we also conclude that the HOA was entitled to its reasonable attorney's fees and costs under Article VIII, Section 2 of the Declaration. At footnote 2 to his appellate brief, Mr. Goetz specifies that, "The amount of, as opposed to the entitlement to, the award of fees is not separately at issue in Defendant's appeal." In other words, Mr. Goetz does not argue that the amount of the attorney's fees awarded in this case was unreasonable; rather, his sole argument is that the trial court should not have awarded attorney's fees at all because its judgment rests on the Settlement Agreement, which did not allow for such fees. For the reasons discussed above, the trial court's judgment rests on Mr. Goetz' breach of the Declaration and its denial of his Settlement-Agreement defense. Having undisputedly breached the

Declaration, the trial court correctly charged Mr. Goetz with attorney's fees and costs under the Declaration. Concerning appellate attorney's fees, we note that the HOA did not raise a specific issue concerning appellate attorney's fees, nor did it brief any argument concerning same. As such, the issue of appellate attorney's fees is waived. Tenn. R. App. P. 13(b); *Watson v. Watson*, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009) (citations omitted) ("The appellate court may treat issues that are not raised on appeal as being waived.").

Before concluding, we address Mr. Goetz' third issue concerning whether the trial court's injunction was sufficiently specific so as to comply with the mandates of Tennessee Rule of Civil Procedure 65.02(1), which provides that: "Every restraining order or injunction shall be specific in terms and shall describe in reasonable detail, and not by reference to the complaint or other document, the act restrained or enjoined." The trial court's September 3, 2020 order states, "The Court enters a permanent injunction requiring Mr. Goetz to repaint his home into a color approved by the Association's Architectural Control Committee, as prayed in the Complaint." As noted above, the gravamen of the HOA's complaint was that Mr. Goetz breached the Declaration by failing to procure the HOA's approval before painting his home's trim. The trial court's injunction clearly requires Mr. Goetz to obtain the required approval from the ACC and to repaint his home in compliance with the ACC's decision. Yet, in his brief, Mr. Goetz states that:

> This is theoretically a case about what color Mr. Goetz' trim ought to be. Yet somehow, the case proceeded for years, all the way to judgment, without the Plaintiff specifying what it thought that color should be. And the trial court's injunction continues this indeterminacy. As a result, Mr. Goetz cannot tell, from the face of the trial court's order, what color he is supposed to paint his trim.

The fact that the trial court does not indicate what color paint Mr. Goetz should apply does not render the mandate too vague for enforcement. Although this case may be "a case about what color Mr. Goetz' trim ought to be," the gravamen of the dispute between the parties is Mr. Goetz' failure to procure approval of whatever color paint he wished to apply **prior** to painting his home. In short, Mr. Goetz has not given the HOA the opportunity to "specify[] what it thought that color should be." Furthermore, it is not the purview of the trial court to choose paint colors. Under the Declaration, such decisions are given to the HOA, through its ACC. The trial court's injunction merely directs Mr. Goetz to submit his paint color choices to the HOA for its approval in compliance with the Declaration and further directs Mr. Goetz to comply with the ACC's decision by repainting his home's trim.

## V. Conclusion

For the foregoing reasons, we affirm both the trial court's order granting summary judgment in favor of the HOA, and its order awarding attorney's fees and costs to the HOA.

- 11 -

The case is remanded for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed to the Appellant, William Goetz, for all of which execution may issue if necessary.

s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE